**The STATE of Texas, Appellant,**

v.

**Vincent Edward MANCUSO, Appellee.**

**No. 01–94–01257–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

May 18, 1995.

Discretionary Review Granted Aug. 23, 1995.

John B. Holmes, Calvin Hartmann, Houston, for State.

William K. Goode, Houston, for appellee.

Before ANDELL, COHEN and WILSON, JJ.

**OPINION**

ANDELL, Justice.

This appeal requires us to interpret 1993 amendments to both the Code of Criminal Procedure and the Penal Code to answer the following question: When a defendant is convicted of a state jail felony and the defendant has also been convicted of two or more prior

felony offenses, *must* the trial court (1) place the defendant on community supervision, i.e., probation[1] or (2) sentence the defendant under the habitual felony offender law?[2]

Appellee Vincent Edward Mancuso pleaded guilty to the charge of burglary of a building other than a habitation with intent to commit theft and true to the enhancement paragraphs in the information for two prior offenses of theft. *See* TEX. PENAL CODE ANN. § 30.02 (Vernon 1994). The trial court convicted appellee of a state jail felony and sentenced him to two-years confinement in a state jail facility, probated for five years with a condition that appellee serve one year in state jail.[3] The State appeals in a single point of error, claiming that the trial court erred in rendering judgment because the sentence imposed is illegal. *See* TEX.CODE CRIM.P.ANN. art. 44.01(b) (Vernon Supp. 1995). We will affirm.

The 1993 legislature enacted the current version of Code of Criminal Procedure article 42.12, section 15, the mandatory community supervision law, as part of the overall revision of the 1973 Penal Code:

(a) On conviction of a state jail felony, the judge shall suspend the imposition of the sentence of confinement and place the defendant on community supervision....

. . . . .

(d) A judge may impose as a condition of community supervision that a defendant submit at the beginning of the period of community supervision to a term of confinement in a state jail felony facility for a term not to exceed ... one year if the

defendant ... previously has been convicted of two or more felonies.[4]

As part of the same act, the legislature revised Penal Code section 12.42, the habitual offender law:

If it is shown on the trial of a felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by imprisonment in the institutional division of the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.[5]

In this case, the State contends that the trial court rendered an illegal sentence by refusing to sentence appellee under the habitual offender law. The State in its brief, however, fails to address the provisions of the mandatory community supervision law. Appellee argues that we must harmonize the provisions of both laws, if possible, and we agree.

The legislature passed the mandatory community supervision law and habitual offender law in the same statute. Act of May 29, 1993, 73d Leg., R.S., ch. 900, 1993 Tex. Gen. Laws 3586. A court reviewing a statute should presume that the legislature intended the entire statute to be effective. Code Construction Act, TEX.GOV'T CODE ANN. § 311.021 (Vernon 1988).[6] If a general provision of a statute conflicts with a special or local provision, the provisions should be construed, if possible, to give effect to both provisions.

---

1. TEX.CODE CRIM.P.ANN. art. 42.12, § 15 (Vernon Supp.1995).

2. TEX.PENAL CODE ANN. § 12.42(d) (Vernon 1994).

3. There was no evidence that (1) appellee used or exhibited a deadly weapon or (2) appellee has previously been finally convicted of any felony (a) listed in TEX.CODE CRIM.P.ANN. art. 42.12, § 3g(a)(1) (Vernon Supp.1995) or (b) in which the judgment contains an affirmative finding under TEX.CODE CRIM.P.ANN. art. 42.12, § 3g(a)(2) (Vernon Supp.1995). *See* TEX.PENAL CODE ANN. § 12.35(c) (Vernon 1994) (providing that individual adjudged guilty of state jail felony under circumstances set forth above shall be punished for third degree felony).

4. Act of May 29, 1993, 73d Leg., R.S., ch. 900, sec. 4.01, art. 42.12, § 15, 1993 Tex.Gen.Laws 3586, 3731.

5. Act of May 29, 1993, 73d Leg., R.S., ch. 900, sec. 1.01, § 12.42, 1993 Tex.Gen.Laws 3586, 3603.

6. While we cite to the legislatively codified canons of statutory construction contained in the Code Construction Act for convenience, we note that it is ultimately the province of the judicial branch of government to interpret the law, not the legislative branch. *See Marbury v. Madison,* 5 U.S. (1 Cranch) 137, 177, 2 L.Ed. 60 (1803).

Code Construction Act, TEX.GOV'T CODE ANN. § 311.026(a) (Vernon 1988). If there is an irreconcilable conflict between a general provision and a special or local provision in the same statute, the special or local provision prevails as an exception to the general provision. *Id.* § 311.026(b).

Applying the canons of statutory construction we have recited above, we hold that the specific provisions of the mandatory community supervision law control over the general provisions of the habitual offender law. We, therefore, hold that the trial court was required to sentence appellee under the specific terms of the mandatory community supervision law rather than the general terms of the habitual offender law because appellee's primary offense conviction was for a state jail felony. The State's sole point of error is overruled.

We affirm the judgment of the trial court.