**Henry Allen NOWLING, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 14–93–01069–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 31, 1995.

Rehearing Overruled Oct. 12, 1995.

## OPINION

FOWLER, Justice.

Appellant pled not guilty before a jury to the offense of unauthorized use of a motor vehicle. Tex.Penal Code Ann. § 31.07 (Vernon 1989).[1] The jury found him guilty and assessed punishment at fifty years confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant brings two points of error, claiming his punishment is cruel and/or unusual[2] in violation of U.S. Const. amend VIII; Tex. Const. art. 1, § 13; and Tex.Code Crim.Proc.Ann. art. 1.09 (Vernon 1977). Because appellant waived error by not bringing his claim to the attention of the trial court, we affirm.

One morning, a wrecker driver noticed that the pickup truck passing him had a broken window, and the door handle was ripped out of the door. The driver alerted Houston Police Officer J.B. Farrar that the truck might be stolen, so the officer followed the truck and saw it pulling into a driveway. As the officer approached, appellant got out of the truck. Officer Farrar asked appellant

---

\* The Honorable Joe L. Draughn sitting by assignment.

1. The crime for which appellant was convicted was committed before September 1, 1994, the effective date of the penal code revision. *See* Acts 1993, 73rd Leg., ch. 900, § 1.18(b), current version at Tex.Penal Code Ann. § 31.07 (Vernon 1994) (making the offense a state jail felony). All

references are to the penal code in effect at the time of the offense.

2. The United States Constitution prohibits cruel *and* unusual punishment, U.S. Const. amend. VIII. The Texas Constitution prohibits cruel *or* unusual punishment. Tex. Const. art. 1, § 13.

if the truck was stolen. Appellant replied that it was stolen, but he did not steal it—he had seen it sitting by the side of the road and decided to drive it. Officer Farrar arrested appellant for unauthorized use of a motor vehicle.

After a jury found appellant guilty as charged, the State brought in evidence at the punishment hearing that appellant had been previously convicted of two prior felonies: possession of less than twenty-eight grams of cocaine, and burglary of a habitation with intent to commit theft. The jury found the enhancement paragraphs true and assessed punishment at fifty years in prison. Appellant did not file a motion for new trial.

Appellant contends his sentence subjects him to cruel and unusual punishment because it is grossly disproportionate to the offense. The State and appellant dispute whether appellant waived his right to raise this claim on appeal. We have decided to consider the claim because an opinion this Court recently issued disposes of appellant's cruel and/or unusual punishment claim.

Both of appellant's points of error are based on his interpretation of the revised Penal Code. He claims that under the revised Code, his crime would be a state jail felony and that, therefore, the maximum punishment he would have received would be much less than what he received as punishment under the prior Code. Appellant argues that the new punishment ranges set out in the revised Penal Code reflect an "evolving standard of decency" which militates toward lighter sentences for crimes such as the one appellant committed. In support of this claim he cites *State v. Mancuso,* 903 S.W.2d 386 (Tex.App.—Houston [1st Dist.] 1995, pet. granted). *Mancuso,* recently issued by the First Court of Appeals, interpreted the revised Penal Code and Code of Criminal Procedure to require that a defendant convicted of a state jail felony, who was previously convicted of two or more prior felony offenses, must be put on probation.

In *State v. Thompson,* No. 14–01191 (Tex.App.—Houston [14th Dist.] August 17, 1995, no pet. h.) this Court disagreed with *Mancuso.* We held that a defendant who (1) had two prior felony convictions meeting the requirements of § 12.42(d) of the Penal Code and (2) was convicted of a state jail felony (which is the type of felony appellant's crime would be under the revised Code) should be punished in accordance with the habitual offender section of the Penal Code, section 12.42(d). A defendant under that situation would be subject to the exact punishment range to which appellant was subjected and could receive the same punishment appellant received.

In sum, if appellant had been punished under the revised Penal Code and Code of Criminal Procedure, under this Court's interpretation of the Code, he would have been subject to the exact punishment range applied to him in the trial court below. Thus, appellant's claim that, the punishment he received amounts to cruel and/or unusual punishment is without merit.

Appellant's two points of error are overruled and the judgment of the trial court is AFFIRMED.