The STATE of Texas, Appellant,

v.

James Lee THOMPSON, Appellees.

The STATE of Texas, Appellant,

v.

Robert Clarence PERRY, Appellees.

Nos. 14–94–01191–CR, 14–94–01192–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 26, 1995.

---

William K. Goode, Houston, Kenneth E. Goode, Houston, for appellant.

Calvin A. Hartmann, Houston, for appellees.

Before YATES, FOWLER and DRAUGHN *, JJ.

## CORRECTED OPINION

YATES, Justice.

This is a consolidated state's appeal from the trial court's assessment of punishment under the 1993 amendments to section 12.35 of the Texas Penal Code and section 15 of article 42.12 of the Texas Code of Criminal Procedure. Appellees, in unrelated proceedings, entered guilty pleas before the court and answered true to enhancement paragraphs for two prior felony convictions. The trial court, over the state's objection, assessed punishment at two years, probated for five years, with one year in jail as a condition of probation. The state argues that the trial court, in refusing to assess punishment under the habitual offender statute contained in section 12.42(d) of the penal code, committed reversible error by entering an illegal sentence. We agree and reverse.

The issue before us deals with the interpretation of amended provisions to the penal code and the code of criminal procedure. Specifically, we must determine whether an ambiguity exists between sections 12.35 and 12.42 of the penal code.[1] Additionally, we

---

* Justice Joe L. Draughn sitting by assignment.

1. § 12.35. State Jail Felony Punishment

    (a) Except as provided by Subsection (c), an individual adjudged guilty of a state jail felony shall be punished by confinement in a state jail for any term of not more than two years or less than 180 days.

    (b) In addition to confinement, an individual adjudged guilty of a state jail felony may be punished by a fine not to exceed $10,000.

    (c) An individual adjudged guilty of a state jail felony shall be punished for a third degree felony if it is shown on the trial of the offense that:

    (1) a deadly weapon as defined by Section 1.07 was used or exhibited during the com-

must also determine if we can reconcile the alleged conflict between section 12.42 and the procedures relating to community supervision of a state jail felony under section 15 of article 42.12 of the Texas Code of Criminal Procedure (Vernon 1995).[2]

■■■ When interpreting a statute, it is the constitutional duty of a court to ascertain and give effect to the apparent intent of the legislators who voted for it. *Camacho v. State,* 765 S.W.2d 431, 433 (Tex.Crim.App.

1989). The starting point for statutory analysis is the text of the statutory provision at issue. *Basden v. State,* 897 S.W.2d 319, 321 (Tex.Crim.App.1995) (citing *Boykin v. State,* 818 S.W.2d 782 (Tex.Crim.App.1991)). This means that when attempting to ascertain the apparent legislative intent, an appellate court must "necessarily focus [its] attention on the literal text of the statute in question and attempt to discern the fair, objective, meaning of that text at the time of its enactment."

mission of the offense or during immediate flight following the commission of the offense, and that the individual used or exhibited the deadly weapon or was a party to the offense and knew that a deadly weapon would be used or exhibited; or

(2) the individual has previously been finally convicted of any felony:

(A) listed in Section 3g(a)(1), Article 42.12, Code of Criminal Procedure; or

(B) for which the judgment contains an affirmative finding under Section 3g(a)(2), Article 42.12, Code of Criminal Procedure.

**§ 12.42. Penalties for Repeat and Habitual Felony Offenders**

(a) If it is shown on the trial of a state jail felony punishable under Section 12.35(c) or on the trial of a third-degree felony that the defendant has been once before convicted of a felony, on conviction he shall be punished for a second-degree felony.

(b) If it is shown on the trial of a second-degree felony that the defendant has been once before convicted of a felony, on conviction he shall be punished for a first-degree felony.

(c) If it is shown on the trial of a first-degree felony that the defendant has been once before convicted of a felony, on conviction he shall be punished by imprisonment in the institutional division of the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 15 years. In addition to imprisonment, an individual may be punished by a fine not to exceed $10,000.

(d) If it is shown on the trial of a felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by imprisonment in the institutional division of the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.

(e) A previous conviction for a state jail felony may be used for enhancement purposes under this section only if the defendant was punished for the offense under Section 12.35(c).

**2. Article 42.12 § 15**

(a) On conviction of a state jail felony, the judge shall suspend the imposition of the sentence of confinement and place the defendant on community supervision. The judge may suspend in whole or in part the imposition of any fine imposed on conviction.

(b) The minimum period of community supervision a judge may impose under this section is two years. The maximum period of community supervision a judge may impose under this section is five years. A judge may extend a period of community supervision under this section at any time during the period of community supervision, or if a motion for revocation of community supervision is filed before the period of community supervision ends, before the first anniversary of the expiration of the period of community supervision.

(c) A judge may impose any condition of community supervision on a defendant that the judge could impose on a defendant placed on supervision for an offense other than a state jail felony, except that the judge may impose on the defendant a condition that the defendant submit to a period of confinement in a county jail under Section 12 of this article only if the term does not exceed 30 days, or does not exceed 60 days if the defendant previously has been convicted of a felony.

(d) A judge may impose as a condition of community supervision that a defendant submit at the beginning of the period of community supervision to a term of confinement in a state jail felony facility for a term not to exceed 60 days, or 180 days if the defendant ... is convicted of an offense punishable as a state jail felony under Section 481.112, Health and Safety Code, or the defendant previously has been convicted of two or more felonies. A judge may not require a defendant to submit to both the term of confinement authorized by this subsection and a term of confinement under Section 12 of this article. For the purposes of this subsection, a defendant previously has been convicted of a felony regardless of whether the sentence for the previous conviction was actually imposed or was probated and suspended.

*Lanford v. Fourteenth Court of Appeals,* 847 S.W.2d 581, 586 (Tex.Crim.App.1993) (citation omitted). If the meaning of the statutory text, when read using the established canons of construction relating to such text, should have been plain to the legislators who voted on it, we ordinarily give effect to that plain meaning. *Id.* at 587 (citation omitted).

■ Courts may consider extra-textual factors such as legislative history only when "application of the plain meaning of the statute's language would lead to 'absurd' consequences that the Legislature could not possibly have intended." *Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Crim.App.1991) (citation omitted). They are otherwise constitutionally prohibited from doing so. *Id.*

In order to determine the relationship between general and specific statutory provisions, we look to the Code Construction Act. *See* TEX.GOV'T CODE ANN. § 311.011 (Vernon 1988); TEX. PENAL CODE ANN. § 1.05 (Vernon 1994). Section 311.026, which is a codification of the common law doctrine of *in pari materia,* provides:

(a) If a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both.

(b) If the conflict between the general provision and the special or local provision is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail.

TEX.GOV'T CODE ANN. § 311.026.

■ The *in pari materia* doctrine is a principle of statutory interpretation. Courts may use the doctrine in determining the intent of the Legislature in enacting a particular statute or statutes. The doctrine of *in pari materia* has been followed by this court. *State v. Kinkle,* 902 S.W.2d 187 (Tex.App.—Houston [14th Dist.] 1995, n.w.h.). The scope and purpose of this doctrine was thoroughly discussed by the Texas Court of Criminal Appeals in *Cheney v. State,* 755 S.W.2d 123, 126 (Tex.Crim.App.1988). The *Cheney* court explained the doctrine as follows:

It is a settled rule of statutory interpretation that statutes that deal with the same general subject, have the same general purpose, or relate to the same person or thing or class of persons or things, are considered as being *in pari materia* though they contain no reference to one another, and though they were passed at different times or at different sessions of the legislature.

In order to arrive at a proper construction of a statute, and determine the exact legislative intent, all acts and parts of acts *in pari materia* will, therefore, be taken, read, and construed together, each enactment in reference to the other, as though they were parts of one and the same law. Any conflict between their provisions will be harmonized, if possible, and effect will be given to all the provisions of each act if they can be made to stand together and have concurrent efficacy.

The purpose of the *in pari materia* rule of construction is to carry out the full legislative intent, by giving effect to all laws and provisions bearing on the same subject. The rule proceeds on the same supposition that several statutes relating to one subject are governed by one spirit and policy, and are intended to be consistent and harmonious in their several parts and provisions. Thus, it applies where one statute deals with a subject in comprehensive terms and another deals with a portion of the same subject in a more definite way. But where a general statute and a more detailed enactment are in conflict, the latter will prevail, regardless of whether it was passed prior or subsequently to the general statute, unless it appears that the legislature intended to make the general act controlling. *And, the rule is not applicable to enactments that cover different situations and that were apparently not intended to be considered together.* (Emphasis in original).

*Id.* (quoting 53 Tex. Jur 2d, Statutes, sec. 186, p. 280).

■ It is well settled by the court of criminal appeals that, where two statutes are found to be *in pari materia,* effort is made to harmonize and give effect to both statutes

with the special or more specific statute governing the general statute in the event of any conflict. *Id.* at 126–27 (citations omitted). Conversely, if two statutes do not deal with the same subject matter, persons or purpose, they are not *in pari materia* and should each be construed separately and in accordance with the plain wording of the particular statute. *Id.* at 127 (citations omitted). Thus:

before the rule is applied, a threshold determination must be made whether the two statutes in question are indeed in pari materia. As a starting point then, the two statutes should be viewed and a determination made *whether both provisions cover the same general subject matter or persons, or have so similar a purpose or object that the statutes are indeed in pari materia.* Should it be determined that the statutes are in pari materia, then analysis may properly proceed as to whether one statute more specifically proscribes the particular conduct and sets out the particular punishment, given the nature and elements of the stated offense. In the event the statutes conflict to the extent that the same conduct is treated differently within each statute, as for example different punishments prescribed for the same generic offense, the more specific provision controls. On the other hand, if the two statutes are not found to be *in pari materia,* analysis should still focus on whether the statutes may be harmonized or are in irreconcilable conflict with one another. Where two provisions not *in pari materia* are at issue, other rules of statutory construction will then dictate which statute controls.

*Id.* at 127 (emphasis added).

■ Applying the above rationale to the case before us, it becomes evident that the provisions contained in sections 12.35 and 12.42 of the penal code, along with section 15 of article 42.12 of the code of criminal procedure are not *in pari materia.*

■ First, the three statutes serve different purposes. Whereas section 12.35 pertains only to the punishment range for someone convicted of a state jail felony, section 12.42 is an enhancement statute. Section 12.42 expressly pertains to the punishment

range for repeat and habitual felony offenders. Section 15 of article 42.12 is concerned with providing procedural rules in placing state jail felons on community supervision and with providing a method for a judge to require a state jail felon to serve time in jail as a condition of probation. Although section 12.01(a) of the TEX. PENAL CODE provides that a convicted defendant must be punished in accordance with both the penal code and the code of criminal procedure, TEX. PENAL CODE ANN. §1.02(3) (Vernon 1994), the objective of the penal code is to prescribe penalties that are proportionate to offenses. TEX. PENAL CODE ANN. § 1.02(3) (Vernon 1994). The code of criminal procedure seeks to ensure the certain execution of the sentence to the law when declared. TEX. CODE CRIM. PROC.ANN. art. 1.03(6) (Vernon 1977). In other words, the penal code governs the range of punishment, whereas the code of criminal procedure ensures that the punishment is carried out properly. Thus, even though the statutes we are asked to interpret govern similar subject matter, because they have different objectives and were enacted for wholly different ends, the rule of *in pari materia* does not apply. *Cheney,* 755 S.W.2d 123 (citing *Alejos v. State,* 555 S.W.2d 444 (Tex.Crim.App.1977)).

■ Second, the statutes do not apply to the same class of persons. Section 12.42(d), when read in conjunction with section 12.42(e), applies only to those persons who have been finally convicted of two prior non-state jail felonies, where the second offense was committed subsequent to the first conviction having become final. On the other hand, section 15(d) of article 42.12 applies regardless of when, or if, the sentence for the previous felonies became final and regardless of whether the sentence was actually imposed, was probated, or was for a previous state jail or non-state jail felony.

■ Appellee maintains his sentence is legal because the language contained in section 15(a) of article 42.12 is mandatory (i.e. the judge *shall* suspend the imposition of sentence). Further, because the language of section 15(d) of article 42.12 authorizes the judge to "enhance the automatic probated sentence" for a state jail felony with up to

one year confinement in a state jail facility, section 15(d) of article 42.12 is a specific enhancement provision and, thus, preempts the general enhancement provision contained in section 12.42(d). However, section 15(d) of article 42.12 is an optional condition of community supervision that the judge may impose for a defendant convicted and sentenced for a state jail felony. It is not an enhancement statute.

We find that section 15 of article 42.12 applies *only* to convicted state jail felons whose sentence has been assessed within the punishment range specified in section 12.35(a). If the State has indicted and proven that a defendant is a habitual offender as defined in section 12.42(d), punishment must be assessed in accordance with that statute. Because the minimum sentence for someone enhanced pursuant to section 12.42(d) is twenty-five years, even where the primary offense is a state jail felony, section 15(a) of article 42.12 does not apply.[3]

Appellee postulates that the language of section 12.42(d) could not have been intended to apply to state jail felons. We find nothing in the penal code that supports this interpretation. To the contrary, state jail felonies are included within the definition of felony. TEX. PENAL CODE ANN. § 1.07(a)(23). If the legislature had intended to exclude state jail felonies from the habitual offender statute, they could easily have done so.[4]

Additionally, the interpretation of the statutes suggested by appellee would essentially nullify the enhancement provisions contained in section 12.42(d). Appellee correctly points out that a construction that it was the legislative intent for one section of the same bill to cancel another section is never favored. *Ex parte Holmes*, 754 S.W.2d 676 (Tex.Crim.App.1988).

However, our interpretation of the statutes does not result in the nullification of sections 15(a) & (d) of article 42.12. As stated above, the statutes pertain to a different class of persons. Defendants who are not enhanced

pursuant to the specific requirements of 12.42(d) still fall within the restrictions of section 15 of article 42.12. Nor does our interpretation of the statute lead to "absurd consequences that the legislature could not possibly have intended," as argued by appellees. We find nothing remotely absurd about a legislative intent to punish habitual ex-convicts more severely than first offenders.

Finally, appellee invites us to consider the Final Bill Analysis concerning Senate Bill 1067 prepared by the Texas Punishment Standards Commission, as well as tape recordings of the senate debates and hearings concerning the Bill. As stated above, we are constitutionally *prohibited* from considering legislative history unless the plain language of a statute is ambiguous or would lead to absurd results. *Boykin v. State*, 818 S.W.2d at 785. This method of statutory interpretation is of ancient origin and is in fact, the only method that does not unnecessarily invade the lawmaking province of the Legislature. *Id.* at 786. We therefore decline appellees' invitation.

Since we find that the statutes are not *in pari materia*, we conclude that it was error for the trial judge to disregard section 12.42(d) and sentence the defendants under the restrictions set out in section 15 of article 42.12. We further grant appellees' cross point and remand for new trials.[5]

---

**3.** We note that the First Court of Appeals has reached a contrary result in *State v. Mancuso*, 903 S.W.2d 386 (Tex.App.—Houston [1st Dist.] 1995, no pet. h.).

**4.** In fact, we note as an aside that effective Jan. 1, 1996, the legislature has amended 12.42(d) to exclude state jail felonies. However, we are bound by the literal text of the statute in effect at the time.

**5.** Appellees' cross point requests that they be afforded a new trial in the event we find the original sentence to be illegal.