The STATE of Texas, Appellant,

v.

Ronnie Lee HUDSON, Appellee.

No. 01–95–00335–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 22, 1995.

Discretionary Review Refused
April 17, 1996.

Calvin A. Hartmann, Houston, for Appellant.

William K. Goode, Houston, for Appellee.

Before OLIVER–PARROTT, C.J., and TAFT and PRICE,[1] JJ.

**OPINION**

OLIVER–PARROTT, Chief Justice.

Appellee was charged by felony information with possession of a controlled substance under TEX.HEALTH & SAFETY CODE ANN. § 481.102(3)(D) (Vernon 1992) and

---

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

§ 481.115(b) (Vernon Supp.1995).[2] The information also contained two enhancement paragraphs alleging two prior felony convictions. Appellee pled *guilty to the primary* offense and answered true to both enhancement paragraphs. Appellee was assessed two years in the state jail, probated for five years upon condition of serving one year in jail, and fined $1,000. The State, as appellant, raises one point of error on appeal. We affirm.

## Background

Appellee was charged by information with felony possession of less than one gram aggregate of cocaine. The information contained two enhancement paragraphs for two prior felony convictions, aggravated robbery and possession of a controlled substance. It is clear from the language of the enhancement paragraphs that the State was seeking enhancement under the habitual offender statute. TEX.PENAL CODE ANN. § 12.42(d) (Vernon 1994). Appellee waived his right to a jury trial and pled guilty to the primary offense and true to both enhancement paragraphs.

The trial court found appellee guilty of the primary offense and found both enhancement paragraphs to be true. The court concluded that neither of the prior convictions was a state jail felony as defined by TEX.PENAL CODE ANN. §§ 12.35(c)(1), (2) (Vernon 1994). Appellee was admonished in accordance with TEX.PENAL CODE ANN. §§ 12.35(a), (b) (Vernon 1994), which provides for a state jail term of not more than two years or less than 180 days and a possible fine of up to $10,000.

Appellee was fined $1,000 and sentenced to two years in jail under sections 12.35(a), (b). The sentence was probated for five years and a condition of probation was set for one year in jail under TEX.CODE CRIM.P.ANN. art. 42.12, § 15 (Vernon Supp.1995). (community supervision statute).

## Point of Error

The State contends in its sole point of error that the trial court gave appellee an illegal sentence by failing to assess punishment under the habitual offender statute. The State argues that appellee's two prior felony convictions allow enhancement under section 12.42(d).

We set out the relevant statutory provisions before addressing their proper application:

Section 12.35: State Jail Felony Punishment

(a) Except as provided by Subsection (c), an individual adjudged guilty of a state jail felony shall be punished by confinement in a state jail for any term of not more than two years or less than 180 days.

(b) In addition to confinement, an individual adjudged guilty of a state jail felony may be punished by a fine not to exceed $10,000.

(c) An individual adjudged guilty of a state felony shall be punished for a third degree felony if it is shown on the trial of the offense that: ... (2) the individual has previously been finally convicted of any felony: (A) listed in Section 3g(a)(1), Article 42.12, Code of Criminal Procedure....

TEX.PENAL CODE ANN. § 12.35 (Vernon 1994);

Section 12.42: Penalties for ... Habitual Felony Offenders

(a) If it is shown on the trial of a state jail felony punishable under Section 12.35(c) or on the trial of a third-degree felony that the defendant has been once before convicted of a felony, on conviction he shall be punished for a second-degree felony

. . . .

(d) If it is shown on the trial of a felony offense that the defendant has previously been finally convicted of two felony offenses ... he shall be punished by imprisonment in the institutional division of the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.

TEX.PENAL CODE ANN. § 12.42 (Vernon 1994);

Article 42.12, Section 15: Procedures ... Community Supervision

---

**2.** An offense under section 481.115(b) is a state jail felony.

(a) On conviction of a state jail felony, the judge shall suspend the imposition of the sentence of confinement and place the defendant on community supervision. The judge may suspend in whole or in part the imposition of any fine imposed on conviction. . . .

(d) A judge may impose as a condition of community supervision that a defendant submit at the beginning of the period of community supervision to a term of confinement in a state jail felony facility for a term not to exceed 60 days, or 180 days if the defendant previously has been convicted of a felony, or one year if the defendant is convicted of an offense punishable as a state jail felony under Section 481.112, Health and Safety Code, or the defendant previously has been convicted of two or more felonies.

TEX.CODE CRIM.P.ANN. art. 42.12, § 15 (Vernon Supp.1995).

The state jail felony classification, part of the new Texas Penal Code enacted in 1993, became effective on September 1, 1994. TEX.PENAL CODE ANN. § 12.35 (Vernon 1994). The creation of this punishment category, and its treatment in both the Penal Code and the Code of Criminal Procedure, has spawned several recent appeals. *See, e.g.,* *State v. Mancuso,* 903 S.W.2d 386 (Tex. App.—Houston [1st Dist.] 1995, pet. granted).

Relying upon *Boykin v. State,* 818 S.W.2d 782 (Tex.Crim.App.1991), the State argues that the literal text of the statutes should be construed without venturing into legislative intent analysis, absent a result that appears absurd. We agree. However, the State erroneously concludes that any interpretation of section 12.42(d) that disallows enhancement of a state jail felony is an absurd result. In order to demonstrate the State's error, we must examine our recent *Mancuso* decision involving section 12.42(d).

In *Mancuso,* we addressed the conflict between the habitual offender statute and the community supervision statute as a whole. We held that article 42.12, section 15 was more specific and thus governed over section 12.42. *Mancuso,* 903 S.W.2d at 388. The *Mancuso* court only dealt with punishment imposed under sections 12.35(a) and (b) and suspended pursuant to article 42.12, section 15. Thus, the *Mancuso* holding is limited to situations where sections 12.35(a) and (b) would otherwise have controlled the sentence imposed absent the State's attempt to enhance under section 12.42(d). If sections 12.35(c) or 12.42(a) would otherwise have controlled via proper pleading by the State, *Mancuso* would not control. In this case, sections 12.35(a) and (b) would have controlled if not for the enhancement attempt under 12.42(d); thus, we are compelled to reach the same conclusion as in *Mancuso.*

The State simply erred by seeking enhancement under section 12.42(d) instead of sections 12.35(c) or 12.42(a). The State could have proceeded under section 12.35(c) because of the prior aggravated robbery conviction.[3] The State could also have pursued enhancement under section 12.42(a), since appellee had also been "once before convicted of a felony." TEX.PENAL CODE ANN. § 12.42(a) (Vernon 1994).

In order to use section 12.42(d), the more specific requirements of sections 12.35(c) and 12.42(a) must first be met. The only way section 12.42(a) could have been used was to first enhance to a third-degree felony via section 12.35(c) using the aggravated robbery conviction. Then section 12.42(a) could enhance the punishment to a second-degree felony by use of the prior possession conviction. At that point, there was no additional felony by which the State could pursue enhancement under section 12.42(d). *See Phifer v. State,* 787 S.W.2d 395, 396 (Tex.Crim. App.1990) (prior offense enhanced under special provision bars further enhancement under general statute). The effect of the specific state jail felony enhancement provisions, both 12.35(c) and 12.42(a), is to require at

---

**3.** Aggravated robbery is an enhancement felony under section 12.35(c). See TEX.CODE CRIM.P.ANN. art. 42.12, section 3g(a)(1) (Vernon Supp.1995) for the list of aggravated felonies falling under section 12.35(c).

least three prior felonies before enhancement under section 12.42(d) becomes available.

There is nothing absurd about this result. The State, relying upon plain meaning analysis, states that the proper interpretation would allow the use of section 12.42(d) when two or more felonies of any type are used for enhancing a state jail felony. We disagree. Sections 12.35(c) and 12.42(a), specifically tailored to enhance state jail felonies, must govern over the general provisions of 12.42(d). Both provisions enhance punishments based on prior felony convictions, and are thus *in pari materia.*[4] The conflict is resolved by the widely accepted paradigm that the more specific provision shall govern over the more general. *See* TEX.GOV'T CODE ANN. § 311.026(a) (Vernon 1988) (Code Construction Act).

Section 12.42(d) was simply not available to the trial court. The court's only remaining option after finding section 12.42(d) inapplicable was to sentence appellee under sections 12.35(a) and (b) for the primary offense.[5] Once that sentence was imposed, the sentence had to be suspended pursuant to article 42.12, section 15(a). The subsequent application of article 42.12, section 15(d) to require up-front confinement of one year as a condition of community supervision was discretionary and entirely proper. We overrule the State's point of error.

We affirm the judgment of the trial court.

TAFT, Justice, concurring.

I concur in the result reached by the majority for the reasons set out in *State v. Warner,* 915 S.W.2d 873 (Tex.App.—Houston [1st Dist.] 1995, n.w.h.).

---

4. The doctrine of *in pari materia,* codified by section 311.026 of the Government Code, requires that we interpret statutes which involve the same general subject or purpose and relating to the same person or class of persons as consistent and harmonious. *See Cheney v. State,* 755 S.W.2d 123, 126 (Tex.Crim.App.1988).

5. It is clear from the complaint and the State's argument on appeal that the State pursued enhancement under 12.42(d) only.