Choicy VAN CORSEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–95–00786–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 7, 1995.

Discretionary Review Refused
April 17, 1996.

John L. Denninger, Houston, for Appellant.

Calvin A. Hartmann, Houston, for Appellee.

Before OLIVER–PARROTT, C.J., and WILSON and MIRABAL, JJ.

---

## OPINION

WILSON, Justice.

Appellant, Choicy Van Corsey, appeals from her conviction for the state jail felony of delivery of less than one gram of a controlled substance.[1] Appellant pled guilty without an agreement on a punishment recommendation by the State. Appellant also pled true to two enhancement paragraphs in the indictment alleging prior felony convictions in sequential order for robbery and delivery of a controlled substance. After appellant waived the preparation of a presentence investigation report, the trial court found appellant guilty, found the enhancement paragraphs true, and assessed punishment at 25–years in prison.

■ In one point of error, appellant argues the trial court erred by sentencing her as a habitual offender under TEX.PENAL CODE ANN. § 12.42(d) (Vernon 1994). She contends the trial court could not enhance the punishment for her conviction of the state jail felony with the two prior felony convictions and argues that in doing so the trial court imposed an illegal sentence. Appellant argues the trial court should have sentenced her under TEX.PENAL CODE ANN. § 12.35(a) (Vernon 1994) because no deadly weapon was used in the commission of the offense and no prior state jail felony convictions were alleged for enhancement purposes.[2]

■ This Court has previously addressed this issue in *State v. Mancuso*, 903 S.W.2d 386 (Tex.App.—Houston [1st Dist.] 1995, pet. granted), and more recently in *State v. Warner*, 915 S.W.2d 873 (Tex.App.—Houston [1st Dist.], 1995, no pet. h.). In *Mancuso*, we held that a trial court is required to sentence a defendant convicted of a state jail felony under the terms of the mandatory community supervision law rather than the terms of the habitual offender law even though the

defendant has also been convicted of two prior felony offenses. *Id.* at 388.[3] In *Warner*, this Court reached the same conclusion after application of the rules of statutory construction to sections 12.35 and 12.42 of the Penal Code. *Warner*, at 877.[4] We conclude *Mancuso* and *Warner* are applicable to the facts of this case and sustain appellant's sole point of error.

We affirm the trial court's finding of guilt. We reverse the judgment as to punishment and remand to the trial court for a new punishment hearing.

---

1. TEX.HEALTH & SAFETY CODE ANN. § 481.112(b) (Vernon Supp.1995).

2. Appellant's prior conviction for delivery of a controlled substance occurred in 1991, prior to the legislature's creation of the state jail felony classification.

3. We note that the Fourteenth Court of Appeals has reached a contrary result in the companion

cases *State v. Thompson*, 912 S.W.2d 244 (Tex. App.—Houston [14th Dist.], 1995, pet. filed), and *State v. Perry*, 912 S.W.2d 244 (Tex.App.—Houston [14th Dist.], 1995, pet. filed).

4. Effective January 1, 1996, the legislature has amended section 12.42(d) to exclude state jail felonies. Act of June 7, 1995, 74th Leg., R.S., ch. 318, § 1, 1995 Tex.Gen.Laws 2734, 2735.