Abraham Lincoln **HENRY** III, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–95–00260–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 11, 1996.

Discretionary Review Refused May 1, 1996.

J. Armin Rust, Houston, for appellant.

John B. Holmes Jr., Calvin A. Hartmann, Paula Herring, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and PRICE,* J.

## OPINION

OLIVER–PARROTT, Chief Justice.

Appellant was charged by felony information with unauthorized use of a vehicle.[1] The information contained two enhancement paragraphs alleging two prior felony convictions for possession of a controlled substance and robbery. Appellant filed a purported "Motion to Quash" the enhancement paragraphs, seeking prosecution for a state jail felony without enhancement.[2] The motion was denied.

Pursuant to a plea bargain agreement setting punishment at 25 years imprisonment, appellant pled guilty to the primary offense and answered true to both enhancement paragraphs. Appellant was admonished with a punishment range from 25 years to life imprisonment.[3]

The trial court found appellant guilty of the primary offense and found both enhancement paragraphs to be true. Appellant was sentenced in accordance with the admonishment and plea bargain to 25 years imprisonment. Appellant raises one point of error on appeal. We reverse and remand.

### Point of Error

Appellant contends that an illegal sentence resulted from the use of Tex.Penal Code Ann. § 12.42(d) (Vernon 1994) to enhance a state jail felony using two prior felony convictions. Appellant seeks a remand for resentencing as a state jail felon under Tex.Penal Code Ann. §§ 12.35(a), (b) (Vernon 1994).

This court recently held that the specific provisions of Tex.Code Crim.P.Ann. art. 42.12, § 15 (Vernon Supp.1995) controlled over the general provisions of article 12.42 of the Penal Code. *State v. Mancuso,* 903 S.W.2d 386 (Tex.App.—Houston [1st Dist.], May 18, 1995, pet. granted). Article 42.12, section 15 requires the trial court to suspend the sentence imposed under sections 12.35(a) and (b). Therefore, for the same reason that article 42.12, section 15 controls over article 12.42, sections 12.35(a) and (b) control over article 12.42. We believe our opinion in *Mancuso* correctly resolved this issue. Thus, we hold that section 12.42(d) cannot be used to enhance a state jail felony primary offense when sections 12.35(a), (b) would otherwise govern the sentence imposed.

The trial court erred in denying appellant's motion to quash the enhancement paragraphs which sought to limit the range of punishment to that allowed under section 12.35(a) and (b). We reverse and order the trial court to grant appellant's motion to quash.

TAFT, Justice, concurring.

I concur with the majority that this case should be reversed for the reasons set out in *State v. Warner,* 915 S.W.2d 873 (Tex.App.—Houston [1st Dist.], 1995, no pet.h.).

Accordingly, I would reverse and remand with orders that appellant's motion to quash be granted.

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. Tex.Penal Code Ann. § 31.07 (Vernon 1994). The offense is punishable as a state jail felony under Tex.Penal Code Ann. § 12.35 (Vernon 1994). The range of punishment for a state jail felony is from 180 days to two years imprisonment and a fine not to exceed $10,000.

2. It is apparent from the transcript that the State sought enhancement under Tex.Penal Code Ann. § 12.42(d) (Vernon 1994) (habitual offender statute).

3. The admonishment was in accordance with the habitual offender statute.

OLIVER–PARROTT, C.J., and PRICE,[1] J., also participating.

---

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.