Christopher Ray Espinoza v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-030-CR

     CHRISTOPHER RAY ESPINOZA,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 
 
From the 18th District Court
Johnson County, Texas
Trial Court # 31338
                                                                                                                 

O P I N I O N
                                                                                                                 

      Appellant Espinoza appeals his conviction for burglary of a building for which he was
sentenced to one year in the Johnson County Law Enforcement Center.
      Trial was before the court which found Appellant guilty of burglary of a building, a state jail
felony. At the punishment stage, the trial judge elected to assess punishment under Section
12.44(a), Texas Penal Code, thereby reducing the state jail felony to a class A misdemeanor, and
assessed Appellant one year in the Johnson County Jail.
      Appellant appeals on one point of error: “The trial court abused its discretion by imposing
P.C. Section 12.44 when C.C.P. Article 42.12, Sec. 15(a), is mandated or, in the alternative,
imposing sentence not authorized by law.”
      Appellant states in his brief that he does not challenge the sufficiency of the evidence nor
finding of guilt in the case.
Penal Code Section 12.44, Reduction of State Felony Punishment to Misdemeanor Punishment.
 
            (a)  A court may punish a defendant who is convicted of a state jail felony
by imposing the confinement permissible as punishment for a Class A
misdemeanor if, after considering the gravity and circumstances of the
felony committed and the history, character, and rehabilitative needs of
the defendant, the court finds that such punishment would best serve the
ends of justice.
 
Code of Criminal Procedure Article 42.12. Procedures Relating to State Jail Felony
Community Supervision.
 
Sec. 15(a). On conviction of a State Jail Felony punished under Section 12.35(a),
Penal Code, the Judge shall suspend the imposition of confinement and place the
defendant on Community supervision unless the defendant has previously been
convicted of a felony, in which event the Judge may suspend the imposition of
the sentence and place the defendant on community supervision, or may order the
sentence to be executed.
 
      Specifically, Appellant argues that according to the mandatory language of Article 42.12, Sec.
15(a), Code of Criminal Procedure, the trial court may not sentence a defendant to one year in jail
pursuant to Section 12.44(a) of the Penal Code, but must give him probation.
      Article 42.12, Sec. 15(a), Code of Criminal Procedure and Article 12.44(a) of the Penal Code
do not pertain to the same class of persons.
      Article 42.12, Sec. 15(a), Code of Criminal Procedure, provides generally for the punishment
of a defendant convicted of a state jail felony under Article 12.35(a) of the Penal Code.
      Section 12.44(a) of the Penal Code provides an alternate method of sentencing to follow for
a described class of persons: 
. . . if, after considering the gravity and circumstances of the felony committed
and the history, character, and rehabilitative needs of the defendant, the court
finds that such punishment would best serve the ends of justice.
 
      Here, the trial court, after considering the elements listed above, determined that the ends of
justice would best be served by sentencing the defendant under Section 12.44(a), and then sentenced
him to one year in jail.
      No abuse of discretion by the trial court is shown. Moreover, where two statutes, as here, deal
with different situations or with a different class of persons, each statute will be construed
separately, each in accordance with the plain meaning of that particular statute. Cheney v. State,
755 S.W.2d 123, 126 (Tex. Crim. App. 1998); State v. Mancuso, 919 S.W.2d 86, 91 (Tex. Crim.
App. 1996); State v. Thompson, State v. Perry, 912 S.W.2d 244 (Tex. App.—Houston [14th Dist.]
1995, no writ). Thus Penal Code Sec. 12.44(a) was properly used by the trial court in sentencing
Appellant.
      Point one is overruled.
      The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)
 
Before Chief Justice Davis,
      Justice Cummings and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed September 17, 1997
Do not publish
  



pan>      Specifically, Appellant alleges his attorney prevented him from testifying at the hearing on his
motion to withdraw his guilty plea wherein he had alleged that it had been involuntarily entered into.
      Appellant’s complaint is barred by Rule 33.1(a) of the Rules of Appellate Procedure. Tex. R.
App. P. 33.(a). The Rule provides that as a prerequisite to presenting a complaint for appellate
review, the record must have (1) a timely request, objection, or motion made to the trial court stating
the grounds for the complaint; and (2) a ruling on the request, objection, or motion or a refusal to
rule coupled with an objection to such refusal. See id. Applying the clear language of the Rule, we
find that Appellant’s complaints of ineffective assistance of counsel have not been preserved for our
review. Gonzales v. State, No. 10-98-268-CR, slip. op. (Tex. App.—Waco, June 9, 1999, no pet.);
Rodriguez v. State, No. 10-98-276-CR, slip op. (Tex. App.—Waco, July 21, 1999, no pet.). 
      Point three is overruled.
      Point 4: The trial court committed reversible error in denying Appellant’s motion
to dismiss appointed counsel and appoint new counsel to represent him in
his motion to withdraw his guilty plea.
      Mr. Quintanilla was appointed to represent Appellant on July 22, 1996. Appellant pled guilty
with counsel present on August 12, 1996. Fifteen months later, on November 10, 1997, Appellant
filed a pro se motion to dismiss Mr. Quintanilla and appoint one of two attorneys he named in his
motion. Mr. Quintanilla also filed a motion to withdraw as Appellant’s counsel on January 9, 1998.
      There is a docket entry made on January 9, 1998, as follows: “Deft’s motion to dismiss Atty
Quintanilla is denied and Mr. Quintanilla is to remain on this case. Ct. Reporter Judy Hanson.” 
There is a statement of facts for this hearing in the record.
      In any event an accused does not have his own choice of appointed counsel and, unless he waives
his right to counsel and chooses to represent himself, or shows adequate reason for the appointment
of new counsel, he must accept the counsel appointed by the court. Garner v. State, 864 S.W.2d 92,
98 (Tex. App.—Houston [1st Dist.] 1993, pet. ref’d).
      A trial judge is under no duty to search until he finds an attorney agreeable to an indigent
defendant. Malcolm v. State, 628 S.W.2d 790, 791 (Tex. Crim. App. 1982).
      There is nothing in the record before us to show that the trial court did not fully consider
Appellant’s request to discharge appointed counsel. The trial court did conduct a hearing, after which
it denied Appellant’s request.
      Point four is overruled. The judgment is affirmed.
 
                                                                         FRANK G. McDONALD
                                                                         Chief Justice (Retired)

Before Justice Vance,
      Justice Gray and
      Chief Justice McDonald (Retired)
      (Justice Vance dissenting)
Affirmed
Opinion delivered and filed August 18, 1999
Do not publish