**David Anthony SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–96–00414–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 8, 1998.

Published in Part Pursuant
to Tex. R. App. P. 90.

Tony Aninao, Houston, for Appellant.

John B. Holmes, Eric Kugler, Houston, for Appellee.

Before SCHNEIDER, C.J., and TAFT and ANDELL, JJ.

**OPINION**

TAFT, Justice.

A jury found appellant, David Anthony Smith, guilty of state jail felony theft and, having found three enhancement paragraphs true, assessed punishment at 65 years in prison. We address: (1) the legal and factual sufficiency of circumstantial evidence proving it was appellant who committed the theft; (2) whether appellant preserved his complaints to the jury charge and improper prosecutorial argument; and, as an issue of first impression, (3) whether appellant's punishment for an aggravated state jail felony[1] could be enhanced by two prior felony convic-

---

1. We have previously distinguished between "regular state jail felonies" and "aggravated state jail felonies." *See State v. Warner*, 915 S.W.2d 873, 877 (Tex.App.—Houston [1st Dist.] 1995, pet. ref'd). "Regular state jail felonies" are punishable by confinement in a state jail for any term of not more than two years or less than 180 days. TEX. PENAL CODE ANN. § 12.35(a) (Vernon 1994). "Aggravated state jail felonies" are regular state jail felonies enhanced to third degree felonies by a prior conviction for a felony involving the use of a deadly weapon or listed in article 42.12, section 3g(a)(1) of the Code of Criminal Procedure. TEX. PENAL CODE ANN. § 12.35(c) (Vernon 1994). Felonies listed in article 42.12, section 3g(a)(1), commonly referred to as "enumerated offenses," are murder, capital murder, indecency with a child, aggravated kidnapping, aggravated sexual assault, aggravated robbery, controlled substance offenses enhanced because committed in drug-free zones, and sexual assault. TEX.CODE CRIM. P. ANN. art. 42.12, sec. 3g(a)(1).

tions to sentence him as an habitual offender. We affirm.

### Enhancement of Aggravated State Jail Felony to Habitual Offender

In point of error four, appellant contends his sentence for conviction of a state jail felony with three enhancements was illegal because he was sentenced under the habitual offender provisions of the Penal Code, when he should have been sentenced as a second offender.

Appellant was indicted for the primary offense of theft, a regular state jail felony. The indictment was amended to allege a previous conviction for murder, thereby elevating the primary offense to an aggravated state jail felony. The indictment also included allegations of prior convictions for robbery and theft in the proper sequence to establish habitual offender status, if we determine the primary offense was capable of being enhanced to that level.

There is no question that appellant could have been enhanced lawfully to second offender status. The version of section 12.42(a) of the Penal Code in effect at the time appellant committed the primary offense provided:

> If it is shown on the trial of a state jail felony punishable under Section 12.35(c) or on the trial of a third-degree felony that the defendant has been once before convicted of a felony, on conviction he shall be punished for a second-degree felony.

Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3603–04, *amended by* Act of May 28, 1995, 74th Leg., R.S. ch. 318, § 1, 1995 Tex. Gen. Laws 2734,

2735 (retaining the original section (a) as subsection (a)(3), but adding subsections for enhancing regular state jail felonies to: third-degree felony status for one previously convicted of two state jail felonies; and second-degree felony status for one previously convicted of two felonies in the proper sequence). The question of first impression we must answer is whether appellant's punishment could be further enhanced to habitual offender status with his additional prior felony conviction under the version of section 12.42(d) of the Penal Code in effect at the time appellant committed the primary theft offense.

Appellant relies upon our statement in *State v. Warner* that even aggravated state jail felonies were not intended to be enhanced to habitual offender status. 915 S.W.2d 873, 878 (Tex.App.—Houston [1st Dist.] 1995, pet. ref'd). The State relies upon our statement in *State v. Hudson* that sentencing under the habitual offender provision is available for a defendant convicted of committing a state jail felony who had committed at least three prior felonies. 915 S.W.2d 879, 881–82 (Tex.App.—Houston [1st Dist.] 1995, pet. ref'd). We must resolve our two antithetical statements.

In *Warner*, we undertook a statutory construction to determine if a regular state jail felony was "a felony" able to be enhanced according to section 12.42(d), the habitual offender enhancement provision of the Penal Code. *Warner*, 915 S.W.2d at 874. We now return to that task to determine if an aggravated state jail felony was "a felony" able to be enhanced according to section 12.42(d) as it was written at the time appellant committed the primary offense in this case.[2]

---

2. As the State points out, section 12.42(d) was amended in 1995 to include aggravated state jail felonies, but exclude regular state jail felonies:
   (d) If it is shown on the trial of a felony offense *other than a state jail felony punishable under Section 12.35(a)* that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by imprisonment in the institutional division of the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.

Act of May 28, 1995, 74th Leg., R.S., ch. 318, sec. 1, 1995 Tex. Gen. Laws 2734, 2735 (emphasis in original showing language added) (currently Tex. Penal Code Ann. § 12.42(d) (Vernon Supp.1998)). There is, thus, no question that appellant would be subject to habitual offender enhancement if he had committed the primary offense after January 1, 1996. Our focus here is confined to primary offenses committed between September 1, 1994 and January 1, 1996. Appellant committed the primary offense of theft on February 3, 1995.

This time we will focus our attention more closely on the changes made to section 12.42 to comport with the creation of state jail felonies in 1993. It is most helpful to examine the session laws to accomplish this purpose:

Sec. 12.42. PENALTIES FOR REPEAT AND HABITUAL OFFENDERS. (a) If it *is* [be] shown on the trial *of a state jail felony punishable under Section 12.35(c) or on the trial of* a third-degree felony that the defendant has been once before convicted of *a* [any] felony, on conviction he shall be punished for a second-degree felony.

(b) If it *is* [be] shown on the trial of a second-degree felony that the defendant has been once before convicted of *a* [any] felony, on conviction he shall be punished for a first-degree felony.

(c) If it *is* [be] shown on the trial of a first-degree felony that the defendant has been once before convicted of *a* [any] felony, on conviction he shall be punished by *imprisonment* [confinement] in the *institutional division of the* Texas Department of *Criminal Justice* [Corrections] for life, or for any term of not more than 99 years or less than 15 years. In addition to imprisonment, an individual may be punished by a fine not to exceed $10,000.

(d) If it *is* [be] shown on the trial of *a* [any] felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by *imprisonment* [confinement] in the *institutional division of the* Texas Department of *Criminal Justice* [Corrections] for life, or for any term of not more than 99 years or less than 25 years.

*(e) A previous conviction for a state jail felony may be used for enhancement purposes under this section only if the defendant was punished for the offense under Section 12.35(c).*

Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3604 (emphasis in original showing amendments: italicized language added; bracketed language deleted).

While focusing on the change of "any" to "a" in subsection (d) in *Warner*, we did not notice that "any" was also replaced by "a" before "felony" in subsections (a), (b), and (c). This observation is significant because the addition of subsection (e) allowed only aggravated state jail felonies to be used for enhancement, while subsections (a), (b), and (c) had previously allowed enhancement by "any felony." With the addition of the new category of state jail felony, it thus became necessary to change subsections (a), (b), and (c) from "any" felony to "a" felony to avoid a conflict with subsection (e). The result is that "a felony" in subsections (a), (b), and (c) was crafted as a term of art to mean "any felony except a regular state jail felony." We see no reason not to use the same meaning for "a felony" in subsection (d). Therefore, we conclude the legislature meant to exclude only regular state jail felonies in all four instances in which it changed "any felony" to "a felony." This means that an aggravated state jail felony may be enhanced by two prior convictions in the proper sequence to habitual offender status under subsection (d).

We may test our conclusion to see if it results in a reasonable or absurd construction, and to see if this construction is in harmony with the purpose of the amendments and the remainder of the statute. In *Warner*, we observed that the purpose of the creation of state jail felonies was to free up prison beds for violent offenders. *Warner*, 915 S.W.2d at 876. Because an aggravated state jail felony by definition involves a prior conviction for a felony of violence or particular aggravation, allowing enhancement to habitual offender status is consistent with the purpose of the new state jail felony scheme. Our construction is also consistent with the provision in subsection (a) allowing aggravated state jail felonies to be enhanced to second-offender status based on a single prior conviction, thereby potentially filling a prison bed for up to 20 years. It is also consistent with the legislature's treatment of aggravated state jail felonies as equivalent to third-degree felonies, which may be enhanced to

habitual offender status, in sections 12.35(c) and 12.42(a), (b), (c), and (e).

While our construction coincides with the 1995 amendment expressly excluding only regular state jail felonies from being enhanced to habitual offender status (and thus implicitly including aggravated state jail felonies), we do not rely on the amendment as necessarily constituting a reinforcement of the legislature's original intent. In this case, it does happen to accomplish that result, however.

Therefore, we conclude that our statement in *Warner* was incorrect, and our statement in *Hudson* was correct. We hold that an aggravated state jail felony was capable of being enhanced, by two additional prior convictions in proper sequence, to habitual offender status under the enhancement statute as it existed from September 1, 1994 to January 1, 1996. Accordingly, we overrule appellant's fourth point of error.

The discussion of the remaining points of error does not meet the criteria for publication, Tex.R.App. P. 47.4, and is thus ordered not published.

We affirm the trial court's judgment.