Johnny Ronell TALLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–95–00130–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Sept. 18, 1995.

Decided Oct. 5, 1995.

Jane Corley, Dallas, Johnny Ronell Tally,
Iowa Park, for Appellant.

Sue Korioth, Assistant District Attorney,
Dallas, Laura Greer Urbach, Assistant District Attorney, Dallas, for State.

Before CORNELIUS, C.J., and BLEIL
and GRANT, JJ.

OPINION

CORNELIUS, Chief Justice.

Johnny Talley appeals from his conviction for delivery of cocaine. The jury assessed his punishment at confinement for twenty-five years.

Talley contends that the court erred by sentencing him under the habitual offender statute rather than under the state jail felony law, by giving additional punishment instructions to the jury in response to a note from the jury, and in commenting on the weight of the evidence in response to a note from the jury. He also argues that the evidence was factually insufficient to prove that he was the person who delivered the cocaine.

■ In reviewing the factual sufficiency of the evidence, we look at all of the evidence and determine whether the finding of guilt is against the great weight of the evidence. *Guidry v. State*, 896 S.W.2d 381, 386 (Tex. App.—Texarkana 1995, pet. ref'd). We have the constitutional authority and obligation to decide whether the evidence is factually sufficient. TEX. CONST. art. V § 6; *Lisai v. State*, 875 S.W.2d 35 (Tex.App.—Texarkana 1994, pet. ref'd). We may set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Stone v. State*, 823 S.W.2d 375, 381 (Tex.App.—Austin 1992, pet. ref'd, untimely filed).

Talley was charged and tried jointly on two counts of delivery of cocaine. The delivery involved in this case was alleged to have occurred on October 10, 1994. Talley argues that the evidence is factually insufficient to prove he delivered the cocaine because the description of him given to the arresting officer by the undercover officer and used in the arrest warrant failed to mention that he had facial hair, and because there was evidence that another person who closely resembled him was selling drugs in the area.

■ The elements of the offense are (1) a person, (2) knowingly or intentionally, (3) delivers, (4) a controlled substance. *Cornejo v. State*, 871 S.W.2d 752 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd) (citing *Stewart v. State*, 718 S.W.2d 286, 288 (Tex.Crim.App. 1986)). Here, Talley attacks the factual sufficiency of the evidence only with regard to the first element, i.e., he argues that the evidence was factually insufficient to identify him as the person who delivered the cocaine.

Detective Howard, the undercover police officer who purchased the cocaine, testified that Talley was the person who delivered the cocaine to him. Detective Jones, another undercover police officer who had observed the daylight drug transaction from a car parked eight to ten feet away, identified Talley as the person she saw making the trade with Detective Howard. Both officers also testified that, after Officer Adamson arrested Talley under the warrant they had obtained, they drove by the arrest scene and observed the person arrested. They both testified that Talley was the person arrested and that he was the person who had delivered the cocaine to Detective Howard.

Talley argues that the description of him given by officers Howard and Jones to obtain the arrest warrant and later to the arresting officer, Adamson, did not mention that Talley had facial hair. Although no mention of facial hair was included in the affidavit supporting the arrest warrant, Officer Howard testified that shortly before the arrest, he drove by Talley's residence and saw him on the porch at that time. He stopped a few blocks away, where he had arranged to meet two other uniformed officers who were to make the arrest. When he turned the warrant over to the arresting officers for execution, he told the officers that the suspect to be arrested had a beard and a mustache and that he was at that time on the porch of a residence at 1831 Maryland Street. He also described the type of clothing that the suspect was wearing. The fact that the warrant did not mention facial hair does not destroy the credibility of the direct testimony.

■ Talley's other argument is that the evidence was factually insufficient because his mother testified that another person who closely resembled Talley and who was a drug seller was in the area at the time of the delivery of the cocaine. No evidence was presented tending to show that this other person had been involved in any way with the delivery of the cocaine to Detective Howard.

The jury was free to believe or disbelieve all or any part of the testimony adduced at trial. *Adelman v. State,* 828 S.W.2d 418, 421 (Tex. Crim.App.1992).

■ We find that the evidence is sufficient to identify Talley as the person who delivered the cocaine to Detective Howard, and that the conviction is not against the great weight of the evidence or so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.

Next, Talley contends that the court erred in the punishment phase by giving additional instructions to the jury in response to a note from the jury foreman that read: "It is very unclear to the jury, how we can decide that a previous conviction was untrue. We don't understand why we are asked to decide this issue. Can you please explain the law?" The trial judge answered by writing beneath the question: "The defendant plead (sic) 'untrue' to the paragraph, which is simply a request on his part. Your verdict must be based on the evidence."

Article 36.27 of the Code of Criminal Procedure provides the following instruction with regard to notes from the jury:

> When the jury wishes to communicate with the court, it shall so notify the sheriff, who shall inform the court thereof. Any communication relative to the cause must be written, prepared by the foreman and shall be submitted to the court through the bailiff. The court shall answer any such communication in writing, and before giving such answer to the jury shall use reasonable diligence to secure the presence of the defendant and his counsel, and shall first submit the question and also submit his answer to the same to the defendant or his counsel or objections and exceptions, in the same manner as any other written instructions are submitted to such counsel, before the court gives such answer to the jury, but if he is unable to secure the presence of the defendant and his counsel, then he shall proceed to answer the same as he deems proper. The written instruction or answer to the communication shall be read in open court unless expressly waived by the defendant.

TEX.CODE CRIM.PROC.ANN. art. 36.27 (Vernon 1981).

■ Talley argues and the State concedes that the provisions of Article 36.27 are mandatory and that ordinarily noncompliance is reversible error. *Williamson v. State,* 771 S.W.2d 601, 605 (Tex.App.—Dallas 1989, pet. ref'd); *Martin v. State,* 654 S.W.2d 855, 857 (Tex.App.—Dallas 1983, no pet.). Talley, however, did not bring the error to the trial court's attention by objection or formal bill of exception. In that case, the acts of the trial court are presumed to be in compliance with Article 36.27, and error is not preserved. *Edwards v. State,* 558 S.W.2d 452, 454 (Tex. Crim.App.1977); *Lipscomb v. State,* 467 S.W.2d 417, 420 (Tex.Crim.App.1971); *Williamson v. State, supra; see also* TEX. R.APP.P. 52(a).

■ Because the record is silent as to whether the trial court complied with Article 36.27, we must presume that it did comply. Absent a timely objection, no error has been preserved. *See Hawkins v. State,* 660 S.W.2d 65, 81 (Tex.Crim.App.1983).

Talley argues alternatively that the portion of the trial court's response above, which stated that Talley's plea of untrue to the enhancement paragraph was simply a request by Talley, was an improper comment on the weight of the evidence because it tended to minimize Talley's plea of not guilty. As with the initial contention regarding communications with the jury, there was no objection at trial, nor was there a bill of exception regarding the alleged error. Accordingly, for the reasons already expressed, error was not preserved and there is nothing before us for review on this issue.

In his final point of error, Talley urges that the court erred in failing to sentence him in accordance with the state jail felony law enacted in 1993 instead of the habitual offender statute. As to state jail felonies, TEX.CODE CRIM.PROC.ANN. art. 42.12, § 15(a), (d) (Vernon Supp.1995) provides:

> (a) On conviction of a state jail felony, the judge shall suspend the imposition of the sentence of confinement and place the defendant on community supervision....
>
> ....

(d) A judge may impose as a condition of community supervision that a defendant submit at the beginning of the period of community supervision to a term of confinement in a state jail felony facility for a term not to exceed ... one year if the defendant ... previously has been convicted of two or more felonies.

As to habitual offenders, Tex.Penal Code Ann. § 12.42(d) (Vernon 1994) provides:

(d) If it is shown on the trial of a felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by imprisonment in the institutional division of the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.

Talley was convicted of delivery of less than one gram of cocaine, an offense classified as a state jail felony under Tex.Health & Safety Code Ann. § 481.115(b) (Vernon Supp.1995). The Texas Penal Code, however, in Section 12.42(d) clearly and unambiguously states that a person who is convicted of any felony and who has two prior felony convictions, the second of which occurred after the first previous conviction became final, shall be punished by imprisonment for life or for any term of not more than ninety-nine years or less than twenty-five years. The sentence in this case was twenty-five years' confinement. The jury found that Talley had twice been convicted of felonies before this trial, neither of which was a state jail felony, thereby placing the sentencing range within that used by the court.

Talley's contention that he should have been punished pursuant to the state jail felony law rather than the habitual offender law is not well taken. We agree with the Fourteenth Court of Appeals that, at the time of the judgment here, the habitual offender statute applied rather than the state jail felony punishment scheme.[1] *See Nowling v. State,* No. 14–93–01069–CR, 1995 WL 517364 (Tex.App.—Houston [14th Dist.] Aug. 31, 1995, no pet. h.); *State v. Thompson,* No. 14–94–01191–CR, 1995 WL 490853 (Tex.App.—Houston [14th Dist.] Aug. 17, 1995, no pet. h.); *contra: State v. Mancuso,* 903 S.W.2d 386 (Tex.App.—Houston [1st Dist.] 1995, pet. granted).

Moreover, defense counsel told the jury in his closing argument in the punishment phase that if it found the enhancement paragraphs to be true, it would have no choice but to assess a minimum of twenty-five years' confinement. The jury found the enhancements to be true and assessed the minimum sentence, which defense counsel had conceded was a proper punishment.

The judgment of the trial court is affirmed.

---

1. Effective January 1, 1996, the Legislature amended Section 12.42(d) to exclude state jail felonies.