STATE of Texas, Appellant,

v.

Preston WILLIAMS, Appellee.

No. 11–95–102–CR.

Court of Appeals of Texas,
Eastland.

Dec. 21, 1995.

John B. Holmes, District Attorney, Houston, for appellant.

Roland Brice Moore, III, Houston, for appellee.

Before ARNOT, C.J., and DICKENSON and WRIGHT, JJ.

ARNOT, Chief Justice.

The issue on appeal is whether a defendant convicted of a state jail felony, enhanced by allegations of two prior felonies, should be sentenced under the habitual offender statute, TEX.PENAL CODE ANN. § 12.42(d) (Vernon 1994).[1] We hold that, under the facts of this case, the defendant should have been sentenced pursuant to Section 12.42(d). We reverse and remand.

Appellee entered a plea of guilty to the offense of possession of less than one gram of cocaine, a state jail felony.[2] Appellee also entered pleas of true to two allegations of prior felony convictions. The trial court convicted appellee, found both enhancement allegations to be true, refused to sentence appellee under Section 12.42(d), and assessed appellee's punishment at ten years probation and a $1,000 fine. The State appeals contending that the sentence is illegal. TEX. CODE CRIM.PRO.ANN. art. 44.01(b) (Vernon Supp.1995).

In its sole point of error, the State argues that the sentence is illegal because Section 12.42(d) was the proper statute for assessing appellee's punishment. Under the facts of this case, we agree.

Section 12.42(d) provides:

If it is shown on the trial of a felony offense that the defendant has previously been finally convicted of two felony of-

---

1. Since the trial of this case, TEX.PENAL CODE ANN. § 12.42 (Vernon 1994) has been amended to specifically exclude state jail felonies from enhancement under subsection (d). Act of June 7, 1995, 74th Leg., R.S., ch. 318, § 1, 1995 Tex.Sess.Law Serv. 2734 (Vernon) (effective January 1, 1996) (to be codified as an amendment to TEX.PENAL CODE ANN. § 12.42).

2. TEX.HEALTH & SAFETY CODE ANN. § 481.115(b) (Vernon Supp.1995).

fenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by imprisonment in the institutional division of the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.

We disagree with the First Court of Appeals' holding that Section 12.42(d) does not apply to persons convicted of state jail felonies. *State v. Mancuso,* 903 S.W.2d 386 (Tex. App.—Houston [1st Dist.] 1995, pet'n granted). Instead, we follow the holdings of the Sixth and Fourteenth Courts of Appeals that, under the plain language of the Penal Code, punishment for a person convicted of any felony may be enhanced under Section 12.42(d) until January 1, 1996. *Talley v. State,* 909 S.W.2d 233 (Tex.App.—Texarkana, 1995); *State v. Thompson,* 1995 WL 490853 (No. 14–94–1191–CR, Tex.App.—Houston [14th Dist.], August 17, 1995, pet'n filed). The State's point of error is sustained.

Because we have just held that Section 12.42(d) does apply to this case and because the record clearly shows that appellee was not admonished as to punishment under Section 12.42(d), we now address the voluntariness of appellee's guilty plea in the interest of justice.[3]

The trial court admonished appellee on the range of punishment for a state jail felony which included a maximum term of confinement for one year in a state jail as part of probation. Appellee was not admonished that the range of punishment under Section 12.42(d) was imprisonment for a term of not less than 25 years nor more than 99 years or life. Appellee's guilty plea was not voluntarily and knowingly entered.

The judgment of the trial court is reversed, and the cause is remanded for a new trial.

---

3. If we affirm the conviction and reverse and remand as to punishment only, appellant will be left with no way to challenge his guilty plea other than a post-conviction writ of habeas corpus under TEX.CODE CRIM.PRO.ANN. art. 11.07 (Vernon 1977 & Supp.1995).