Nos. 04-97-00840-CR, 04-97-00841-CR & 04-97-00842-CR



Robert Perry SMITH,


Appellant



v.



The STATE of Texas,


Appellee



From the 175th Judicial District Court, Bexar County, Texas


Trial Court Nos. 96-CR-5352, 96-CR-5353 & 96-CR-5354


Honorable James E. Barlow, Judge Presiding



Opinion by: Catherine Stone, Justice


Sitting: Tom Rickhoff, Justice 

 Catherine Stone, Justice 

 Paul W. Green, Justice 


Delivered and Filed: August 19, 1998


AFFIRMED


Facts and Procedural Background

 Robert Perry Smith was convicted by jury of three offenses of aggravated robbery with a
deadly weapon. The offenses derived from three separate indictments, but arose from the same
transaction or conduct. The jury sentenced Smith to nine years' imprisonment and a $2,500 fine on
each of two of the charges and eighteen years' imprisonment and a $5,000 fine on the remaining
charge. In three separate appeals, Smith presents five points of error. Finding no error, we affirm
the judgment of the trial court.

Discussion

 In his first point of error, Smith argues the trial court committed fundamental error by
making a comment to the jury during voir dire that constituted a comment or opinion of the case.
Smith contends the comment "tainted" the entire jury panel and was harmful error. The State argues
that Smith's objection to the comment was not timely and, therefore, not preserved for appeal.

 The comment by Judge Barlow that Smith challenges occurred during Judge Barlow's
explanation to the jury of the type of case and charges against Smith. Judge Barlow stated,

 The cases were begun by bill of indictments, which were returned against Robert
Perry Smith, which charge him with aggravated robbery. He's actually charged with
three different separate bills of indictment with aggravated robbery, but I think it's
undisputed that these events all arise out of one series of transactions; they all
occurred virtually at the same time or the same place or something. I think
everybody has agreed we're talking about one transaction, but he's been indicted
three times by aggravated robbery out of this transaction.


 To the charges that have been brought against him, the defendant has entered a plea
of not guilty. The first issue, we're going to try three cases at the same time, but they
involve the same witnesses and the same events, is what they do. We are going to try
the cases together, and we're going to try whether he is guilty or not guilty of the
aggravated robbery he's been charged with.


 Although Judge Barlow made this comment at the beginning of the address to the jury panel,
Smith did not object to the comment until Judge Barlow finished his extensive introductory
comments to the panel.

 A trial judge may not make any remark calculated to convey to the jury his opinion of the
case. Tex. Code Crim. Proc. Ann. art.38.05 (Vernon 1979). However, to constitute reversible
error, a judge's comment must be reasonably calculated to benefit the State or prejudice the
defendant's rights. Moody v. State, 827 S.W.2d 875, 879 (Tex. Crim. App. 1992). A party's point
of error is not preserved for review unless timely objection is made. An objection is timely if made
as soon as the ground of objection becomes apparent. See Norris v. State, 902 S.W.2d 428, 442
(Tex. Crim. App.), cert. denied, 516 U.S. 890 (1995).

 Because Smith did not object as soon as Judge Barlow made the comment that was the
ground for objection, his objection was untimely. See id. In addition, the trial court's comment did
not constitute reversible error. Review of the trial court's statement in the context in which it was
made clearly shows that it was not reasonably calculated to benefit the State or prejudice the
defendant's rights. Judge Barlow explained to the jury that Smith had been charged with these
offenses in three separate indictments, that he pleaded not guilty, and that the State was required to
prove his guilt. The statement was not an opinion that the three robberies had undisputedly taken
place, but was merely an explanation that the crimes for which Smith was charged arose out of a
single event. Smith's first point of error is overruled.

 In his second point of error, Smith argues the trial court erred by not allowing defense
counsel to impeach a State's witness, Stanley Stabbs, with evidence of a previous criminal offense
using a deferred adjudication. Smith argues that he should have been allowed to use such evidence
to impeach Stabbs by showing bias, ill-will, and fabrication, even though Tex. R. Evid. 609 does
not allow impeachment through the use of a deferred adjudication.

 The trial court has wide discretion in determining the admissibility of evidence and, in order
to succeed, a defendant must show that the trial court clearly abused its discretion in excluding
testimony. Johnson v. State, 698 S.W.2d 154, 160 (Tex. Crim. App. 1985), cert. denied, 479 U.S.
871 (1986). To obtain a reversal on an evidentiary point of error, the trial court's error must have
amounted to such a denial of the rights of the appellant as was reasonably calculated to cause the
rendition of an improper judgment. See Tex. R. App. P. 44.1(a).

 A party may impeach a witness with "evidence that [the witness] has been convicted of a
crime." Tex. R. Evid. 609(a). A deferred adjudication is not a conviction and cannot be used to
impeach a witness under Rule 609(a). Jones v. State, 843 S.W.2d 487, 496 (Tex. Crim. App. 1992),
cert. denied, 507 U.S. 1035 (1993). However, a witness for the defense or prosecution may be
impeached by evidence of a pending deferred adjudication if the defendant shows the witness has
testified as a result of bias, motive, or ill-will emanating from his status of deferred adjudication.
Callins v. State, 780 S.W.2d 176, 196 (Tex. Crim. App.1986) (opinion on court's own motion for
reh'g); Paley v. State, 811 S.W.2d 226, 229 (Tex. App.--Houston [1st Dist.] 1991, pet. ref'd).

 In this case, Smith failed to make any showing that Stabbs testified against him as a result
of bias, motive, or ill-will stemming from his status of deferred adjudication. Therefore, he failed
to lay the necessary predicate that would invoke the right of confrontation. Callins, 780 S.W.2d at
196. See Mutscher v. State, 514 S.W.2d 905 (Tex. Crim. App.1974) (failure to develop what
witness' testimony would have been on cross-examination was fatal to ground on appeal because
record did not indicate in what manner pending federal indictment might possibly affect witness'
testimony in Mutscher's state prosecution.). Because the record shows nothing to indicate that
Stabbs' testimony was the result of any bias, motive or ill-will directed against appellant, the trial
court did not abuse its discretion in excluding the cross-examination on this topic. Smith's second
point of error is overruled.

 In his third point of error, Smith argues the trial court erred by allowing the testimony of a
witness who was not on the subpoena list provided by the State. Smith alleges that after he filed a
motion requesting a witness list from the State, the trial court instructed him to rely on the subpoena
list that had been provided. Because the State's witness, Deputy Rogelio Calderon, was not on the
list, but was allowed to testify over objection, Smith argues the trial court committed harmful error.
 To preserve a complaint for review, the complaining party must show that the complaint was
made to the trial court by a proper and timely request, objection, or motion. Tex. R. App. P.
33.1(a)(1). The record must also show that the trial court ruled either expressly or implicitly on the
request or refused to rule, and the complaining party objected. Tex. R. App. P. 33.1(a)(2).

 The appellate record contains only Smith's motion for the State's witness list and an attached
unsigned order. While Smith contends the trial court instructed him to rely on the State's subpoena
list, the record does not contain the trial court's oral ruling or a copy of the State subpoena list.
Smith has not shown that this complaint was preserved for appellate review in accordance with Tex.
R. App. P. 33.1(a), and accordingly, has not met his burden to present a record sufficient to show
error. Because these items germaine to Smith's argument are not included in the record, there is
nothing for this court to review. Smith's third point of error is overruled.

 In his fourth point of error, Smith contends the trial court erred by communicating with the
jury outside Smith's or Smith's counsel's presence in violation of Tex. Code Crim. Proc. Ann. art.
36.27 (Vernon 1981). Smith contends such communication constituted harmful error.

 The court shall answer a jury's written question in writing, but prior to providing an answer,
must use reasonable diligence to secure the presence of the defendant and defendant's counsel, and
shall submit the question and answer to the defendant for objections. Tex. Code Crim. Proc. Ann.
art. 36.27 (Vernon 1981). If the court cannot locate the defendant and defendant's counsel, the court
has discretion to proceed in answering the question as it "deems proper." Id. "The written
instruction or answer shall be read in open court unless expressly waived by the defendant." Id. A
trial court commits reversible error if it gives additional instruction to the jury without complying
with Article 36.27. See Rodriguez v. State, 625 S.W.2d 101, 102 (Tex. App.--San Antonio 1981,
pet. ref'd). However, a communication between the trial court and jury that violates Article 36.27,
but does not constitute an additional instruction by the court upon the law or some phase of the case,
is not reversible error. Id.; McFarland v. State, 928 S.W.2d 482, 517-18 (Tex. Crim. App. 1996),
cert. denied, 117 S. Ct. 966 (1997).

 To preserve a point of error for review complaining of improper communication with the jury
in violation of Article 36.27, the complaining party must object to the communication, file a bill of
exception, or include such complaint in a motion for new trial. See Marras v. State, 741 S.W.2d
395, 407 (Tex. Crim. App. 1987), overruled on other grounds, Garrett v. State, 851 S.W.2d 853
(Tex. Crim. App. 1993); Talley v. State, 909 S.W.2d 233, 235 (Tex. App.--Texarkana 1995, pet.
ref'd); Harris v. State, 736 S.W.2d 166, 166-67 (Tex. App.--Houston [14th Dist.] 1987, no pet.).
In the absence of proper objection or preservation of error, the acts of the trial court are presumed
to be in compliance with Article 36.27, and error is not preserved. See Marras, 741 S.W.2d at 407;
Talley, 909 S.W.2d at 235.

 The three written communications between Judge Barlow and the jury are included in the
record. However, Smith did not preserve error regarding the alleged violation of Article 36.27 in
relation to these communications by timely objecting, by filing a bill of exceptions, or by filing a
motion for new trial. Because Smith failed to preserve any error for review related to the
communications with the jury, such communications are presumed to be in compliance with Article
36.27. See Marras, 741 S.W.2d at 407; Talley, 909 S.W.2d at 235. Smith's fourth point of error
is overruled.

 In his fifth point of error, Smith cites Tex. Code Crim. Proc. Ann. art. 21.03 as support for
his contention that the trial court erred by allowing the jury to deliberate on the charge of aggravated
robbery of Stanley Stabbs when the State did not prove "what was alleged in the indictment."

 The State construes Smith's argument as a challenge to the sufficiency of the evidence to
prove the crime charged. However, Smith's argument cannot be construed as a challenge to the
sufficiency of the evidence to prove the charge. Smith fails to cite the relevant standard of review
for sufficiency of the evidence, any supportive or relevant case law, and fails to make such an
argument. Therefore, this court must construe the argument as a contention that the State failed to
prove the allegations, therefore, the trial court erred by allowing the jury to deliberate on this specific
charge.

 Under Tex. Code Crim. Proc. Ann. art. 21.03 (Vernon 1989), "[e]verything should be stated
in the indictment which is necessary to be proved." This statute provides no support for Smith's
contention because it does not mandate that an issue be removed from a jury charge in the event the
State fails to prove the allegations in the indictment. Smith cites no other authority for his
contention that the issue of aggravated robbery should not have been given to the jury.

 To obtain the relief he asserts on the basis that the State failed to prove the allegations in the
indictment, Smith should have moved for a directed verdict. See Tex. Code Crim. Proc. Ann. art.
45.031 (Vernon 1979). Article 45.031 states that in the event "there is a material variance between
the allegations in the complaint and the proof offered by the state, or the state has failed to prove a
prima facie case of the offense alleged in the complaint, the defendant is entitled to a directed verdict
of 'not guilty' as in any other criminal case."

 Smith did not move for directed verdict to prevent such deliberation. Absent a motion for
directed verdict, Smith has failed to preserve this argument for appellate review. See Tex. R. App.
P. 33.1(a). The judgment of the trial court is affirmed.


 Catherine Stone, Justice

DO NOT PUBLISH