NO. 07-02-0076-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



DECEMBER 17, 2002


______________________________



ALBERTO RENE PACHECO
, aka ALBERTO ANTONIO SAUCEDO,


aka ALBERTO PACHECO, aka ALBERTO PACHECO SOLIS




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;



NO. 42,881-B; HON. JOHN B. BOARD, PRESIDING


_______________________________



Before QUINN and JOHNSON, JJ., and BOYD, SJ. (1)

 Appellant Alberto Rene Pacheco, aka Alberto Antonio Saucedo, aka Alberto
Pacheco, aka Alberto Pacheco Solis (appellant) was convicted of the offense of delivery
of a controlled substance. In four issues, he contests the legal and factual sufficiency of
the evidence to sustain the conviction when the evidence allegedly shows 1) he was not
the person named in the indictment, and 2) he was in Mexico at the time of the commission
of the offense. We affirm the judgment of the trial court. 

 Background

 Police Officer Bill Redden, a member of the Panhandle Regional Narcotics
Trafficking Task Force, who was working undercover, obtained information from a
confidential informant that a person who went by the street name "Kako" was selling drugs. 
Redden researched records and determined the person to be appellant. A meeting was
arranged between the informant, Redden, and appellant, but appellant did not appear at
the established time. The confidential informant then gave Redden appellant's cell phone
number, and another meeting was arranged. Redden was told the man would be in a gold
Monte Carlo. On September 12, 1996, at approximately 1:55 p.m., Redden met with
appellant in the parking lot of a Toot'n Totum on Amarillo Boulevard in Amarillo. (2) Appellant
was accompanied by a small child and a woman who was driving a gold Monte Carlo. 
Redden purchased an eighth of an ounce of cocaine from appellant. 

Points One and Two - Person Named in the Indictment 


 Via his first two issues, appellant complains that the evidence is insufficient to show
that he was the individual named in the indictment. We overrule the issues.

 Standard of Review

 The standards by which we review challenges to the sufficiency of the evidence are
well settled, and we refer the parties to Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct.
2781, 61 L.Ed.2d 560 (1979), King v. State, 29 S.W.3d 556, 562-63 (Tex. Crim. App.
2000), and Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996) for explanations
of the same. 

 Application

 The indictment charged "ALBERT RENE PACHECO, a.k.a. ALBERTO ANTONIO
SAUCEDO, a.k.a. ALBERTO PACHECO" with the offense of delivery of a controlled
substance. There was testimony from appellant's wife, Rosa Rojo, that her husband's
name was Alberto Pacheco Solis and that she did not know an Alberto Rene Pacheco. 
She also stated that "Kako" was a man she believed was her husband's cousin, whose
name was Tito Soto. Appellant's stepmother, Lorraine Pacheco, confirmed that Kako was
her husband's nephew. Based on this evidence, appellant argues there is no showing he
was the person named in the indictment.

 To the extent that he complains of the identification made of him at trial, Redden
positively identified appellant as the person from whom he purchased the cocaine based
on his visual recollection. So too did he expressly state that appellant was "Alberto Rene
Pacheco." There was also evidence that 1) Redden had met appellant on at least two
other occasions, 2) appellant had been known to use different names (including the name
Alberto Solis), social security numbers, and birth dates, 3) Redden knew appellant's father,
Alberto Longorio Pacheco and his stepmother Lorraine, and 4) the informant had given the
name of Albert Pacheco to Redden in addition to the street name Kako. However, others
testified that appellant was named Alberto Solis and that Kako was appellant's cousin. 

 While the foregoing evidence may have created a question of fact regarding
appellant's name, that conflict was for the jury to resolve. Moody v. State, 830 S.W.2d
698, 700 (Tex. App.--Houston [1st Dist.] 1992, pet. ref'd). Indeed, the trier of fact is the
sole judge of the credibility of the witnesses and the weight to be given their testimony. 
Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997). Given this and the
evidence provided by officer Redden, we conclude that a rational trier of fact could find
beyond a reasonable doubt that appellant was both the person named in the indictment
and who committed the offense described in the indictment. Furthermore, such a finding
would not be manifestly unjust or clearly wrong when tested against the entire record. 

 Issues Three and Four - Presence in Mexico

 In his third and fourth issues, appellant again argues that the evidence is legally
and factually insufficient to show that he committed the offense. This time, he believes it
is so because other evidence indicated that he was in Mexico during the commission of
the offense. We overrule these issues as well.

 Standard of Review

 We need not reiterate the standard of review for it is described in the preceding
points.

 Application

 Once again, the jury had before it the testimony of Redden, as described above. 
And, though it conflicted with that offered by appellant's relatives, it was nonetheless
sufficient to enable a rationale jury to find beyond a reasonable doubt that appellant
committed the offense charged in the indictment. Furthermore, such a finding would not
be clearly wrong or manifestly unjust when tested against the entire record. See Talley v.
State, 909 S.W.2d 233, 234 (Tex. App.--Texarkana 1995, pet. ref'd) (holding that the
identification of the defendant by undercover police officers was sufficient to sustain a
conviction for delivery of cocaine in spite of testimony from the defendant's mother that
there was another person selling drugs who looked like her son and was in the area at the
time). 

 Accordingly, the judgment of the trial court is affirmed.


 Brian Quinn

 Justice 

 

Do not publish.

 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
code ann. §75.002(a)(1) (Vernon Supp. 2002). 
2. Redden was accompanied by two other police officers but one of them did not see the transaction
and the other officer was not available for trial.