NO. 07-02-0076-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

DECEMBER 17, 2002

_____

ALBERTO RENE PACHECO, aka ALBERTO ANTONIO SAUCEDO,
aka ALBERTO PACHECO, aka ALBERTO PACHECO SOLIS

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 42,881-B; HON. JOHN B. BOARD, PRESIDING

_____

Before QUINN and JOHNSON, JJ., and BOYD, SJ.[1]

Appellant Alberto Rene Pacheco, aka Alberto Antonio Saucedo, aka Alberto Pacheco, aka Alberto Pacheco Solis (appellant) was convicted of the offense of delivery of a controlled substance. In four issues, he contests the legal and factual sufficiency of the evidence to sustain the conviction when the evidence allegedly shows 1) he was not

_____

[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. §75.002(a)(1) (Vernon Supp. 2002).

the person named in the indictment, and 2) he was in Mexico at the time of the commission of the offense. We affirm the judgment of the trial court.

### *Background*

Police Officer Bill Redden, a member of the Panhandle Regional Narcotics Trafficking Task Force, who was working undercover, obtained information from a confidential informant that a person who went by the street name "Kako" was selling drugs. Redden researched records and determined the person to be appellant. A meeting was arranged between the informant, Redden, and appellant, but appellant did not appear at the established time. The confidential informant then gave Redden appellant's cell phone number, and another meeting was arranged. Redden was told the man would be in a gold Monte Carlo. On September 12, 1996, at approximately 1:55 p.m., Redden met with appellant in the parking lot of a Toot'n Totum on Amarillo Boulevard in Amarillo.[2] Appellant was accompanied by a small child and a woman who was driving a gold Monte Carlo. Redden purchased an eighth of an ounce of cocaine from appellant.

### *Points One and Two – Person Named in the Indictment*

Via his first two issues, appellant complains that the evidence is insufficient to show that he was the individual named in the indictment. We overrule the issues.

*Standard of Review*

The standards by which we review challenges to the sufficiency of the evidence are well settled, and we refer the parties to *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct.

---

[2]Redden was accompanied by two other police officers but one of them did not see the transaction and the other officer was not available for trial.

2781, 61 L.Ed.2d 560 (1979), *King v. State,* 29 S.W.3d 556, 562-63 (Tex. Crim. App. 2000), and *Clewis v. State,* 922 S.W.2d 126, 129 (Tex. Crim. App. 1996) for explanations of the same.

*Application*

The indictment charged "ALBERT RENE PACHECO, a.k.a. ALBERTO ANTONIO SAUCEDO, a.k.a. ALBERTO PACHECO" with the offense of delivery of a controlled substance. There was testimony from appellant's wife, Rosa Rojo, that her husband's name was Alberto Pacheco Solis and that she did not know an Alberto Rene Pacheco. She also stated that "Kako" was a man she believed was her husband's cousin, whose name was Tito Soto. Appellant's stepmother, Lorraine Pacheco, confirmed that Kako was her husband's nephew. Based on this evidence, appellant argues there is no showing he was the person named in the indictment.

To the extent that he complains of the identification made of him at trial, Redden positively identified appellant as the person from whom he purchased the cocaine based on his visual recollection. So too did he expressly state that appellant was "Alberto Rene Pacheco." There was also evidence that 1) Redden had met appellant on at least two other occasions, 2) appellant had been known to use different names (including the name Alberto Solis), social security numbers, and birth dates, 3) Redden knew appellant's father, Alberto Longorio Pacheco and his stepmother Lorraine, and 4) the informant had given the name of Albert Pacheco to Redden in addition to the street name Kako. However, others testified that appellant was named Alberto Solis and that Kako was appellant's cousin.

3

While the foregoing evidence may have created a question of fact regarding appellant's name, that conflict was for the jury to resolve. *Moody v. State,* 830 S.W.2d 698, 700 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd). Indeed, the trier of fact is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Santellan v. State,* 939 S.W.2d 155, 164 (Tex. Crim. App. 1997). Given this and the evidence provided by officer Redden, we conclude that a rational trier of fact could find beyond a reasonable doubt that appellant was both the person named in the indictment and who committed the offense described in the indictment. Furthermore, such a finding would not be manifestly unjust or clearly wrong when tested against the entire record.

### Issues Three and Four - Presence in Mexico

In his third and fourth issues, appellant again argues that the evidence is legally and factually insufficient to show that he committed the offense. This time, he believes it is so because other evidence indicated that he was in Mexico during the commission of the offense. We overrule these issues as well.

*Standard of Review*

We need not reiterate the standard of review for it is described in the preceding points.

*Application*

Once again, the jury had before it the testimony of Redden, as described above. And, though it conflicted with that offered by appellant's relatives, it was nonetheless sufficient to enable a rationale jury to find beyond a reasonable doubt that appellant committed the offense charged in the indictment. Furthermore, such a finding would not

4

be clearly wrong or manifestly unjust when tested against the entire record. *See Talley v. State,* 909 S.W.2d 233, 234  (Tex. App.—Texarkana 1995, pet. ref'd) (holding that the identification of the defendant by undercover police officers was sufficient to sustain a conviction for delivery of cocaine in spite of testimony from the defendant's mother that there was another person selling drugs who looked like her son and was in the area at the time).

     Accordingly, the judgment of the trial court is affirmed.

Brian Quinn
Justice

Do not publish.

5