In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00194-CR

                                                ______________________________

 

 

                                JACOB CHARLES MCNABB,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                        On Appeal from the 71st Judicial District Court

                                                           Harrison County, Texas

                                                         Trial Court
No. 10-0152X

 

                                                     
                                             

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            At Jacob
Charles McNabb’s jury trial for arson, the evidence included video recordings
and photographs, retrieved from McNabb’s cell phone, depicting the fire at a
former Marshall school building and including McNabb’s narration of the
conflagration, “Damn, and to think we did that. 
That is so f****** awesome.”

            Central to
the case against McNabb was testimony from Gavin McKinley and Steven Gerald
Murray, Jr., two friends who had been at the school with McNabb about the time
the fire was started.[1]  McKinley and Murray, also charged with arson,
testified that McNabb set fire to a broken door at the school with a cigarette
lighter, that Murray blew it out, that McKinley and Murray left the building,
leaving McNabb behind, that Murray assumed McNabb was lighting the door again,
as the other two stood outside the school.

            From his conviction
for arson and his fifteen-year sentence, McNabb appeals.  We affirm the trial court’s judgment, because
(1) omission of an accomplice-witness instruction was not egregiously harmful,
(2) the jury instruction on the law of parties was not erroneous, and
(3) alleged noncompliance with Article 36.27 was not preserved.

(1)        Omission of an Accomplice-Witness
Instruction Was Not Egregiously Harmful

 

            Our
review of an asserted jury charge error involves a two-step process.  Abdnor
v. State, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994); see also Sakil v. State, 287 S.W.3d 23, 25–26 (Tex. Crim. App.
2009).  Initially, we determine whether
error occurred, and then evaluate whether sufficient harm resulted from the
error to require reversal.  Abdnor, 871 S.W.2d at 731–32.

            The
statutory accomplice-witness instruction provides, “A conviction cannot be had
upon the testimony of an accomplice unless corroborated by other evidence
tending to connect the defendant with the offense committed; and the corroboration
is not sufficient if it merely shows the commission of the offense.”[2]  Tex.
Code Crim. Proc. Ann. art. 38.14 (Vernon 2005).  “An accomplice is one who participated in an
offense, before, during, or after its commission, to the extent that he can be
charged with the offense or with a lesser-included offense.”  Herron
v. State, 86 S.W.3d 621, 631 (Tex. Crim. App. 2002).  If a prosecution witness is an accomplice as
a matter of law, the trial court must instruct the jury accordingly.  Id.  The trial court’s failure to do so is error.  Id.  “A prosecution witness who is indicted for the
same offense with which the defendant is charged,” or “a lesser included
offense based upon alleged participation in commission of the greater offense”
is an accomplice as a matter of law.  Id. (citing Ex parte Zepeda, 819 S.W.2d 874, 876 (Tex. Crim. App. 1991)).

            In this
case, McKinley and Murray were charged with the offense of arson as
co-defendants to McNabb.  Therefore, both
were accomplices as a matter of law, and the trial court was required to
instruct the jury accordingly.  Because
the jury charge failed to include an accomplice-witness instruction, the charge
was erroneous.  The State concedes this
point.

            Yet, an erroneous or incomplete
jury charge does not result in automatic reversal of the conviction or
punishment.  Abdnor, 871 S.W.2d at 731. 
We now decide whether the error was harmful.  Because McNabb did not preserve his complaint
at trial, we must decide whether the error was so egregious and created such
harm that he did not have a fair and impartial trial.  Almanza
v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh’g); Allen v. State, 253 S.W.3d 260, 264
(Tex. Crim. App. 2008); Boones v. State,
170 S.W.3d 653, 660 (Tex. App.—Texarkana 2005, no pet.).  Egregious harm occurs where an error affects
the very basis of a case, deprives the defendant of a valuable right, vitally
affects a defensive theory, or makes the case for conviction or punishment
clearly and significantly more persuasive.  Boones,
170 S.W.3d at 660 (citing Saunders v.
State, 817 S.W.2d 688, 692 (Tex. Crim. App. 1991)).  This is a difficult standard to prove, and it
must be determined on a case-by-case basis.  Ellison
v. State, 86 S.W.3d 226, 227 (Tex. Crim. App. 2002).  The “actual degree of harm must be assayed in
light of the entire jury charge, the state of the evidence, including the
contested issues and weight of probative evidence, the argument of counsel and
any other relevant information revealed by the record of the trial as a whole.”
 Almanza,
686 S.W.2d at 171.

            “Non-accomplice
evidence can render harmless a failure to submit an accomplice witness
instruction by fulfilling the purpose an accomplice witness instruction is
designed to serve.”  Herron, 86 S.W.3d at 632.  Under
the egregious harm standard, the omission of an accomplice witness instruction
is generally harmless unless the corroborating (nonaccomplice) evidence is “so
unconvincing in fact as to render the State’s overall case for conviction
clearly and significantly less persuasive.”  Id.

            Here, beyond
the testimony of the two accomplices, as referenced above, we have McNabb’s
photographs, video recordings, and audio narration that effectively confessed
to the arson.  The evidence at McNabb’s
trial also included testimony from Britton Podzymeny from whose front
porch—across the street from the burning school—McNabb, McKinley, and Murray
watched the fire; Podzymeny testified that the three appeared “enthused, I mean
excited” to see the fire and that there was a cigarette lighter present at the
time. 

            Also,
Chief Reginald Cooper testified that McNabb’s statements during his interview
did not comport with Cooper’s investigation. 
For example, McNabb claimed he had repeated his version of events of
that day to several people who could corroborate his tale.  However, Cooper was unable to locate anyone
that would support McNabb’s rendition of the story.  McNabb claimed that he had been living with
Stephen and Toni Jones, but could not tell Cooper how he could find them in
order for Cooper to question the Joneses. 
Cooper also told the jury that text messages from McNabb’s cell phone
led him to believe McNabb was trying to set up a false alibi.  He testified, “Chelsie Cocoa was the friend
that Mr. McNabb mentioned that could corroborate his story.”  The first text message to Cocoa from McNabb’s
cell phone was “[Murray] told them I did it. 
They’re going to call you and ask you if I told you [Murray] did it,
that it got lit twice and that I blew it out the first time.”  Cocoa texted back, “Wow.  What do I say?,” and McNabb replied, “We will
go over everything when you get out of school. 
Just don’t talk to them until then.”[3]

            All that
evidence tended to connect McNabb to the commission of the arson.  Simmons
v. State, 282 S.W.3d 504, 508 (Tex. Crim. App. 2009).  We do not find that the nonaccomplice-witness
evidence—the cell phone evidence, paired with Podzymeny’s and Cooper’s
testimony—was “so unconvincing in fact as to render the State’s overall case
for conviction clearly and significantly less persuasive.”  Herron, 86 S.W.3d at
632.  McNabb has failed to demonstrate
that the omission of the accomplice-witness instruction caused egregious
harm.  This point is overruled.

(2)        The Jury Instruction on the Law of
Parties Was Not Erroneous

 

            The trial
court’s charge during guilt/innocence instructed the jury that:  “All persons are parties to an offense who
are guilty of acting together in the commission of an offense.”[4]  McNabb argues on appeal[5]
that this instruction “presumes that persons acting together . . . are
guilty.  Only [Murray] had pled guilty .
. . . The underscored language lessens the burden of proof for the State.”  The State argues that the complained-of
instruction “is a very general statement of what an accomplice is, someone
‘guilty of acting together’ to commit an offense.”  We agree. 
See Prystash v. State, 3
S.W.3d 522, 542 n.1 (Tex. Crim. App. 1999) (finding identical instruction in
line with Chapter 7 of Texas Penal Code).
 “One who ‘acts together [with
another] in the commission of an offense’ will usually be a party under
sections 7.01 and 7.02 of the Penal Code.” 
Rushing v. State, 962 S.W.2d
100, 101 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d) (finding no error in
trial court’s overruling of defendant’s objection to identical instruction).  We
have stated, with respect to identical instructions, that such a charge “adequately
informed the jury that it was to determine whether [a defendant] was guilty as
a party to the offense.”  Richbourg v. State, No. 06-00-00095-CR,
2001 WL 476510, at *1–2 (Tex. App.—Texarkana May 8, 2001, pet. ref’d) (mem.
op., not designated for publication). 
Accordingly, the trial court’s submission of the complained-of sentence
was not erroneous.  We overrule this
issue.

(3)        Alleged Noncompliance with Article 36.27
Was Not Preserved

 

            After reading the jury’s verdict
on guilt/innocence, the trial court made the following statement:

Obviously,
you are through with your portion of this process.  I can tell you on the front end, how
appreciative we are of your time and service. 
And it is obvious that you put some time to this matter as reflected by
the time that you have been out on deliberation and the note that you sent out
to the Court and everything.

 

The clerk’s record does not
contain any jury note or response by the trial court if one was made.  No further reference is made to the note in
the reporter’s record.  McNabb argues
that the trial court’s failure to include the note in the record constituted
noncompliance with Article 36.27 of the Texas Code of Criminal Procedure,[6]
and that the error was fundamental.  We
have previously held that failure to object or bring the error to the trial
court’s attention fails to preserve any alleged noncompliance with Article
36.27.  Villarreal v. State, 205 S.W.3d 103, 105–06 n.2 (Tex.
App.—Texarkana 2006, pet. dism’d, untimely filed); Hudson v. State, 128 S.W.3d 367, 377 (Tex. App.—Texarkana 2004, no
pet.); Talley v. State, 909 S.W.2d
233, 235 (Tex. App.—Texarkana 1995, pet. ref’d).  This is because we presume the trial court
acted in a manner consistent with the statute. 
Green v. State, 912 S.W.2d
189, 192 (Tex. Crim. App. 1995); Talley,
909 S.W.2d at 235.  The Texas Court of
Criminal Appeals has held that, “[s]ince we presume the trial court’s response
was in open court and in appellant’s presence, we also presume appellant agreed
to it.  Therefore, appellant waived any
error, and the Almanza standard is
inapplicable.”  Green, 912 S.W.2d at 193.

            Here,
because McNabb failed to object to alleged noncompliance with Article 36.27 of
the Texas Code of Criminal Procedure, he has failed to preserve this issue for
review.  We overrule this issue.[7]

            We affirm the trial court’s
judgment.

 

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          June
8, 2011    

Date Decided:             June
10, 2011

 

Do Not Publish

 

 

 

 

 











[1]After
attending a GED class, McKinley and Murray paid a visit to McNabb.  The trio decided to walk to the park to smoke
marihuana.  On the way, they stopped at the
old school, which they referred to as the “[p]ink prison.”  Thereafter, the group walked to the park,
smoked marihuana, and returned to the school while high on the drug. McKinley
and Murray testified that McNabb lit “a broken door with a lighter,” but that
“Murray blew it out” and said to McNabb, “I did not want this on my
record.”  McKinley and Murray left the
building; McNabb was the last to leave. 
Murray assumed McNabb was “lighting [the door] again.”  Afterward, the group ran through the woods
because they were “getting away from the building in case it [did] catch fire
again.”  Five minutes later, the trio saw
smoke rising from the building, prompting Murray to call law enforcement to
report the fire. 





[2]McNabb
does not argue that the evidence was insufficient to convict him absent
McKinley’s and Murray’s testimony. 





[3]During
sentencing, McNabb testified, “The only reason that I went through with all of
this is because I did not want to take the brunt of the guilt . . . . It was
not that I was trying to duck being guilty . . . but it was the simple fact I
did not want to be the only one found guilty.” 

 





[4]The
charge also included the following instructions, which McNabb does not complain
of:  A person is criminally responsible
as a party to an offense if the offense is committed by his own conduct, but the
conduct of another for which he or she is criminally responsible, or by
both.  A person is criminally responsible
for an offense committed by the conduct of another if, acting with intent to
promote or assist the commission of the offense, he or she solicits,
encourages, directs, aids, or attempts to aid the other person to commit the
offense.  Mere presence alone will not
constitute one as a party to an offense. 
We also note that the first paragraph of McNabb’s indictment stated that
he “[w]ith intent to damage or destroy a building located at 1101 E. Houston,
start[ed] a fire, or cause[d] an explosion by igniting a fire on a door.”  The second paragraph alleged McNabb “did then
and there intentionally start[ed] a fire, or cause[d] an explosion, by igniting
a fire on a door, and in so doing, the defendant recklessly damaged and
destroyed a building . . . by igniting a fire in a vacant building and leaving
the building.”  The Texas Court of
Criminal Appeals has held that a charge may apply the law of parties to a case
even though the State did not allege that theory in the indictment. Marable v. State, 85 S.W.3d 287, 287–88
(Tex. Crim. App. 2002); Montoya v. State,
810 S.W.2d 160, 165 (Tex. Crim. App. 1989).





[5]McNabb
did not object to the submission of this instruction during trial.





[6]Jury
notes during trial are the subject of specific statutory injunction.  We quote it here:

 

When
the jury wishes to communicate with the court, it shall so notify the sheriff,
who shall inform the court thereof.  Any
communication relative to the cause must be written, prepared by the foreman
and shall be submitted to the court through the bailiff.  The court shall answer any such communication
in writing, and before giving such answer to the jury shall use reasonable
diligence to secure the presence of the defendant and his counsel, and shall
first submit the question and also submit his answer to the same to the
defendant or his counsel or objections and exceptions, in the same manner as
any other written instructions are submitted to such counsel, before the court
gives such answer to the jury, but if he is unable to secure the presence of
the defendant and his counsel, then he shall proceed to answer the same as he
deems proper.  The written instruction or
answer to the communication shall be read in open court unless expressly waived
by the defendant.

 

Tex.
Code Crim. Proc. Ann. art. 36.27 (Vernon 2006).





[7]We
also note that McNabb filed a motion to abate this appeal on April 11,
2011.  He claimed that “The District
Clerk’s Office has been unable to locate the jury note in question.  The court reporter has copies of an unsigned,
unfiled written response by the trial judge to a jury note.”  By our order of April 12, 2011, McNabb’s
motion to abate was denied.  We directed
McNabb to “contact the district attorney and determine whether the parties can,
by written stipulation, deliver a copy of the missing items to the clerk for
inclusion in the record.  See Tex.
R. App. P. 34.5(e).  If the
parties cannot agree, or do not have or cannot obtain a copy of those items,
counsel may refile this motion to abate, which will then be considered by the
Court in light of the situation as it has developed.”  The Court has not been notified of any such
agreement between McNabb and the district attorney, and McNabb has not filed
another motion to abate.  Also, McNabb’s
briefing stated, “[A]ppellant must show egregious harm for relief.  Further discussion of this error will be made
pending a motion to abate this appeal and an order on remand on the trial court
to correct the record about any jury note and any judicial response there to
[sic].”  The Court has received no
further briefing.